J-S02037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE ROBERT GRIFFIN | |
| Appellant | No. 300 EDA 2015 |

Appeal from the Judgment of Sentence entered October 21, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0001372-2014

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED April 27, 2016**

Appellant, Tyrone Robert Griffin, appeals from the judgment of sentence the Court of Common Pleas of Montgomery County entered October 21, 2014.  Appellant argues the Commonwealth failed to prove he intended to commit aggravated assault and challenges the discretionary aspects of his sentence, alleging the sentencing court failed to take into account the circumstances surrounding the underlying facts.  We disagree.  Accordingly, we affirm the judgment of sentence.

The trial court summarized the factual and procedural background of the instant matter in its Pa.R.A.P. 1925(a) opinion of March 27, 2015, which we incorporate here by reference.  Trial Court Opinion, 3/27/15, at 1-6.  Briefly, Appellant, an inmate, was punched in the face by another inmate.  Appellant attempted to respond in kind, but Officer David Landis, a

correctional officer present at the scene, was able to prevent it. Following the incident, two officers accompanied Appellant to the infirmary, and other officers escorted the aggressor to the section's supervisor. While walking to the infirmary, Appellant seized an opportunity to "get at" the aggressor. When Appellant saw the door opening into the office where the attacker was held, Appellant ran toward that office. Corporal Brian Smith was standing by the office door. Despite being ordered to stop by the two officers escorting Appellant to the infirmary, Appellant kept running "full sprint" toward the office. Upon seeing Appellant coming toward him, Corporal Smith lowered his right shoulder, bracing for the impact. Eventually, Appellant slammed into Corporal Smith. After the initial impact, Appellant tried to spin to get around Corporal Smith. Corporal Smith was able to block Appellant, preventing him from getting around the officer. A struggle ensued, which resulted in the two falling on the ground, with Corporal Smith landing on his right shoulder. As result of the impacts, Corporal Smith suffered severe injuries to his right shoulder, requiring surgery and extensive rehabilitation.

On October 15, 2014, a jury found Appellant guilty of aggravated assault (bodily injury)[1] and, on October 21, 2014, the trial court sentenced him to a term of two years to ten years' imprisonment. Following the sentencing, Appellant, despite being represented by counsel, filed a *pro se*

---

[1] The jury found Appellant not guilty of aggravated assault – serious bodily injury.

motion for reconsideration, which the trial court denied. On November 19, 2014, counsel filed a petition to withdraw as counsel. On the same day, Appellant filed a *pro se* "motion for direct appeal," which the clerk of court and the trial court treated as a notice of appeal. On January 2, 2015, the trial court granted counsel's petition to withdraw, and appointed the Montgomery County Public Defender's Office to represent Appellant on appeal. This appeal followed. Both the trial court and Appellant complied with Rule 1925.

On appeal, Appellant raises two issues: (i) The Commonwealth did not establish beyond a reasonable doubt that Appellant attempted or intentionally or knowingly caused bodily injury to Corporal Smith, and (ii) the sentencing court abused its discretion in imposing a maximum sentence, which exceeds the guidelines, without adequately considering the facts giving rise to the instant matter.

We review a sufficiency claim pursuant to the following standard:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

At issue here is whether the Commonwealth presented sufficient evidence to show that Appellant acted with the required *mens rea*. A defendant may be convicted of aggravated assault under Subsection 2702(a)(3) of the Crimes Code if he "attempt[ed] to cause or intentionally or knowingly causes bodily injury to [an] officer[ ] . . . in the performance of duty." 18 Pa.C.S.A. § 2702(a)(3).[2] Appellant conceded that Corporal Smith suffered bodily injuries as result of the impact with Appellant. Appellant, however, argues that he did not attempt to cause, nor knowingly or intentionally caused, bodily injury to Corporal Smith. Appellant argues the impact between the two was accidental.

In reviewing the evidence offered at trial, the trial court found the impact was all but accidental. The trial court noted:

> Appellant wanted to "get at" [the aggressor] when he saw him in the supervisor's office while being escorted to medical. However, Corporal Smith was in his way. The evidence was sufficient to show either that Appellant intentionally caused Corporal Smith bodily injury in order to get him out of the way to get to [the aggressor] or that he knowingly caused Corporal Smith bodily injury when he ran full force into him. Corporal Smith took a defensive stance in order to impede Appellant's charge. Appellant refused to stop when ordered to do so by the

---

[2] Subsection 2702(a)(3) applies to the assault of police officers, firefighters, probation/parole officers, sheriffs, prison authorities, judges, and numerous other public servants enumerated in Section 2702(c).

other officers. The incident only came to an end when Appellant was finally secured by Corporal Smith and the other officers not on Appellant's own volition.

Trial Court Opinion, 3/27/15, at 12.

We agree with the trial court's analysis. Accordingly, we conclude the trial court did not err in rejecting Appellant's sufficiency of the evidence claim.

Next, Appellant contends the sentencing court abused its discretion in imposing a maximum sentence exceeding the sentencing guidelines. Appellant's Brief at 18-22. The trial court did not address this, finding it waived because Appellant failed to properly and timely raise it. Trial Court Opinion, 3/27/15, at 13-14. In fact, the trial court noted that the *pro se* post-sentence motion Appellant filed while still represented was a nullity, which resulted in a waiver. **Id.** The trial court is correct. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007).

Even if we were to conclude that Appellant preserved this issue for our review,[3] the claim would be nonetheless without merit. The sentencing judge, who also presided over the trial, stated he considered "the presentence report, the guidelines, and [Appellant]'s character."

_____

[3] For standard of review and discretionary aspects claim requirements, **see, e.g., Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*).

Commonwealth's Brief at 14.[4] Appellant emphasizes that the sentencing court should have weighed in his favor the fact that the jury acquitted him on the aggravated assault (serious bodily injury) charge. Appellant's Brief at 20-21. Appellant fails to explain how his acquittal of one crime has any bearing on the sentence for the crime of he was convicted (aggravated assault – bodily injury).[5] If anything could be surmised from the acquittal, one might think that the jury believed he intended to harm Corporal Smith,

_____

[4] Although Appellant is challenging the discretionary aspects of his sentence, he failed to provide this Court with the notes of testimony of the sentencing hearing. As both parties cite to it, it is clear the transcript exists. However, it is not in the record before us. It is Appellant's duty to ensure the record is complete for our review. *See, e.g.*, *Commonwealth v. Bongiorno*, 905 A.2d 998, 1000 (Pa. Super. 2006). Despite the deficiency, we are able to address the contention.

[5] Indeed, our Supreme Court noted:

> Federal and Pennsylvania courts alike have long recognized that jury acquittals may not be interpreted as specific factual findings with regard to the evidence, as an acquittal does not definitively establish that the jury was not convinced of a defendant's guilt. Rather, it has been the understanding of federal courts as well as the courts of this Commonwealth that an acquittal may merely show lenity on the jury's behalf, or that the verdict may have been the result of compromise, or of a mistake on the part of the jury. Accordingly, the United States Supreme Court has instructed that courts may not make factual findings regarding jury acquittals and, thus, cannot upset verdicts by speculation or inquiry into such matters.

*Commonwealth v. Moore*, 103 A.3d 1240, 1246 (Pa. 2014) (internal citations and quotation marks omitted).

- 6 -

the only difference being the extent of the injuries inflicted ("serious bodily injury" vs. "bodily injury").

Additionally, on the merits, as noted by Appellant, the sentencing judge also presided over the trial "less than one week prior to sentencing." Appellant's Brief at 20. The record, therefore,

> establishes that the court was fully informed of all the mitigating factors at play herein.[6] We presume that the court, which was in possession of those facts, applied them in this case. The sentencing court merely chose not to give the mitigating factors as much weight as Appellant would have liked . . . . We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court.

*Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (citation omitted).

In light of the foregoing, we conclude that the discretionary aspect challenge, to the extent it is properly before us, is without merit.

Judgment of sentence affirmed.

---

[6] Furthermore, as noted above, the sentencing court stated it considered the pre-sentence investigation report. "Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors[.] *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/27/2016</u>