J-S38041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY JACKSON | |
| Appellant | No. 2641 EDA 2015 |

Appeal from the PCRA Order August 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014203-2007
CP-51-CR-0014205-2007
CP-51-CR-0014206-2007

BEFORE: FORD ELLIOTT, P.J.E., OLSON, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED SEPTEMBER 07, 2016**

Appellant Anthony Jackson appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. On August 15, 2008, a jury convicted Appellant of attempted murder, carrying a firearm without a license, possessing an instrument of crime, recklessly endangering another person, and two counts each of aggravated

_____

[1] 42 Pa.C.S. § 9541-9546.

assault and criminal conspiracy.[2]  On October 31, 2008, the trial court sentenced Appellant to an aggregate term of 15-30 years' incarceration.  On January 19, 2011, this Court affirmed Appellant's judgment of sentence. Our Supreme Court denied Appellant's petition for allowance of appeal on August 30, 2011.

On August 9, 2012, Appellant filed a timely *pro se* PCRA petition. Appointed counsel filed a motion to withdraw along with a ***Turner***[3]/***Finley***[4] "no-merit" letter on July 20, 2013.  On October 31, 2013, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On December 16, 2013, the PCRA court dismissed Appellant's PCRA petition and granted counsel's motion to withdraw.[5]  On April 24, 2015, this Court affirmed the PCRA court's order.

---

[2] 18 Pa.C.S. §§ 2502, 6106(a)(1), 907, 2705, 2702, and 903, respectively. These convictions stem from a shooting that occurred on September 10, 2007 and are docketed at CP-51-CR-0014203-2007, CP-51-CR-0014205-2007, and CP-51-CR-0014206-2007.

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.1988).

[4] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

[5] The PCRA court provided:

> [Appellant] mailed the [c]ourt a response to the 907 Notice ("First 907 Response"), which the [c]ourt received on November 25, 2013.  On December 16, 2013, after reviewing [Appellant's] First 907 Response, the [c]ourt formally dismissed [Appellant's] PCRA Petition and granted [counsel's] motion to withdraw his appearance.

*(Footnote Continued Next Page)*

This Court found that Appellant had waived his claims of PCRA counsel's ineffectiveness for failing to raise them in his response to the PCRA court's Rule 907 notice.[6]

On June 17, 2015, Appellant, *pro se*, filed his second PCRA petition, which is the subject of this appeal. On June 29, 2015, the PCRA court filed a Pa.R.Crim.P. 907 notice. On August 11, 2015, the PCRA court dismissed Appellant's petition as untimely.

On August 25, 2015, Appellant timely filed a notice of appeal. On August 31, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on September 17, 2015.

Appellant raises the following issues for our review:

> WHETHER PCRA COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY ABANDONING [APPELLANT'S] CLAIMS [THUS CAUSING] A PROCEDURAL DEFAULT OF THE CLAIMS IN BOTH THE PCRA COURT AND PCRA APPELLATE COURT[?]
>
> WHETHER THE PCRA COURT OBSTRUCTED [APPELLANT'S] RIGHT TO APPEAL THE DENIAL OF HIS PCRA PETITION BY FAILING TO ADD [APPELLANT'S] OBJECTION TO THE COURT 907 NOTICE TO THE CERTIFIED RECORD[, WHICH] RESULTED IN A WAIVER OF [APPELLANT'S] CLAIMS[?]

*(Footnote Continued)* ————————

PCRA Court Pa.R.A.P. 1925(a) Opinion, filed October 23, 2015, at 2.

[6] This Court noted that Appellant's *pro se* response to the Rule 907 notice was not docketed or included in the certified record. **See Commonwealth v. Jackson**, unpublished memorandum, filed April 24, 2015, 404 EDA 2014, at 4, n. 2.

- 3 -

Before we address the merits of Appellant's claims, we must determine whether his PCRA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. ***Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." ***Id.*** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); ***see also*** 42 Pa.C.S. § 9545(b). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the

presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on November 28, 2011, when his time to appeal to the Supreme Court of the United States expired. *See* 42 Pa.C.S. § 9545(b)(3). Accordingly, he had until November 28, 2012 to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). He filed the present *pro se* PCRA petition on June 17, 2015. Thus, his PCRA petition is facially untimely, and we must determine whether Appellant has pled and proved any of the exceptions to the PCRA time limitation. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

In his first issue, Appellant argues his PCRA counsel was ineffective for abandoning his claims on appeal. Appellant attempts to invoke exception 42 Pa.C.S. § 9545(b)(1)(ii) by stating that the "facts" of PCRA counsel's

ineffectiveness were "made known to [him] by the decision rendered by the Superior Court of PA in **Commonwealth v. Anthony Jackson**, 404 EDA 2014, 4/24/2015." PCRA Petition, filed June 17, 2015, at 3. Unfortunately for Appellant, a claim that PCRA counsel's ineffectiveness is an after-discovered fact does not establish jurisdiction under 42 Pa.C.S. § 9545(b)(1)(ii). **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 786 (Pa.2000). Accordingly, Appellant fails to invoke this Court's jurisdiction for his first claim.

In his second issue, Appellant attempts to invoke the § 9545(b)(1)(i) exception to the PCRA time bar by arguing the PCRA court interfered with his appeal by failing to add to the certified record his response to its Pa.R.Crim.P. 907 notice. However, "the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant[.]" **Commonwealth v. Bongiorno**, 905 A.2d 998, 1001 (Pa.Super.2006).

This Court noted in its memorandum opinion that affirmed the PCRA court's order dismissing his previous PCRA petition:

> Appellant did not properly file the *pro se* response to the Rule 907 notice. **See Commonwealth v. Crawford**, 17 a.3d 1279, 1282 (Pa.Super.2011) (stating "simply depositing a motion in a judge's chambers is not filing," and "the document must at least be addressed to a proper filing office within the Unified Judicial System in order to complete the filing").

**Commonwealth v. Jackson**, unpublished memorandum, filed April 24, 2015, 404 EDA 2014, 4, n. 2.

Appellant argues this omission from the certified record was due to an "extraordinary breakdown in the judicial process."[7] He claims the PCRA court acknowledged that it received his response to its Rule 907 notice and considered it before denying his PCRA petition. He contends we erroneously concluded that he did not properly file his response, and that he should not be denied appellate review due to the breakdown in the court's process. Appellant alleges that in his response to the PCRA court's Rule 907 notice, he argued that his PCRA counsel was ineffective for abandoning him and failing to raise certain issues.

We cannot consider Appellant's *pro se* response to the Rule 907 notice, because it is not included in the certified record. *See **Commonwealth v. Johnson***, 33 A.3d 122, 126 (Pa.Super.2011) ("It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case."). Even if we could consider his response, his issue would merit no relief. Appellant's PCRA counsel submitted a ***Turner/Finley*** no-merit letter along with his motion to withdraw. The PCRA court conducted its own independent review of the record and found no meritorious issues to be raised on appeal. This Court determined the PCRA

---

[7]"An appellant should not be denied appellate review if the failure to transmit the entire record was caused by an 'extraordinary breakdown in the judicial process.'" ***Commonwealth v. Bongiorno***, 905 A.2d 998, 1001 (Pa.Super.2006) (quoting ***Commonwealth v. Williams***, 715 A.2d 1101, 1106 (Pa.1998)).

court's order was supported by the record and affirmed. Because there were no meritorious issues to be raised on appeal, PCRA counsel did not render ineffective assistance.

Appellant has failed to plead and prove any of the exceptions to the PCRA time bar. Thus, we lack jurisdiction to hear his untimely petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2016