837 A.2d 1163

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert D. PROETTO, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 23, 2002.

Decided Dec. 4, 2003.

Tommaso V. Lonardo, for Robert D. Proetto.

Margaret Bowen Snow, Dean Hafeez Malik, Diane E. Gibbons, Doylestown, for Com.

512

Leonard Saul Deutchman, Philadelphia, Mary Benefield Seiverling, for Attorney General and PA District Attorneys Assoc.

Before CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

### ORDER

PER CURIAM.

**AND NOW,** this 4th day of December, 2003, the Order of the Superior Court is hereby affirmed on the basis of the Superior Court opinion, *Commonwealth v. Proetto*, 771 A.2d 823 (Pa.Super.2001).

Former Chief Justice ZAPPALA did not participate in the decision of this case.

Justice NEWMAN files a concurring statement, joined by Chief Justice CAPPY and Justice CASTILLE, who also joins the per curiam order.

Justice NEWMAN, Concurring.

I write separately to discuss only a matter of jurisprudence. The Court today enters a Per Curiam Order affirming the determination of the Superior Court in this matter on the basis of the Superior Court Opinion, published at *Commonwealth v. Proetto*, 771 A.2d 823 (Pa.Super.2001). The Superior Court rejected the five claims that Proetto raised before that tribunal

I. Did the [trial] court err, when it admitted evidence seized by the Commonwealth without prior court approval consisting of private Internet chat communications?

II. Did the [trial] court err, when it failed to impose constitutional protection to communication conducted on a computer connected to the Internet through telephone lines?

III. Did the [trial]court err, in failing to rule that, [sic] interceptions of private computer chat communications vio-

late the Pennsylvania Wiretap Act, when done without prior authorization?

IV. Did the [trial]court err, in failing to suppress the alleged statements of the Appellant?

V. Did the [trial]court err, in finding that the evidence was sufficient as a matter of law to convict the Appellant beyond a reasonable doubt?

*Id.* at 827–828. However, we limited our grant of the Petition for Allowance of Appeal to the following two issues

I. Whether the [trial court and Superior Court] erred in failing to suppress certain communications obtained in violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act.

II. Whether the [trial court and Superior Court] erred in failing to suppress certain communications obtained in violation of the United States Constitution and/or the Pennsylvania Constitution.

*Commonwealth v. Proetto,* 567 Pa. 667, 790 A.2d 988 (2002) (Per Curiam Order).

In *Commonwealth v. Tilghman,* 543 Pa. 578, 673 A.2d 898 (1996), this Court explained that a Per Curiam Order affirming the decision of a trial court or one of our intermediate appellate courts "signifies this Court's agreement ... with [that] tribunal's final disposition of the matter on appeal to us." *Id.* at 904. "In the instance where this Court intends to not only affirm the result of the [trial court or intermediate appellate court] decision but also the rationale used by the [trial court or intermediate appellate court] in reaching that decision, we would enter the appropriate order **affirming on the basis of the opinion of the** [trial court or intermediate appellate court], elucidating the ... rationale [employed by the trial court or intermediate appellate court] where necessary or desirable." *Id.* (emphasis added). "Our entry of an order of *per curiam* affirmance on the basis of the ... opinion [of the trial court or intermediate appellate court], thus, means that we agree with the ... **rationale** employed [by the trial

514

court or intermediate appellate court] in reaching its final disposition." *Id.* (emphasis added).

I agree with my colleagues that the Opinion of the Superior Court is thorough, well reasoned, and sound, but I fear that bench and bar may erroneously read our decision today as placing our stamp of approval on the **entire** Superior Court Opinion, which is beyond our jurisdiction because we only took cognizance of the issues listed above. Therefore, I would have affirmed on the basis of the Opinion of the Superior Court insofar as the Superior Court discusses suppression in the contexts of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. §§ 5701–5782, and the United States and Pennsylvania Constitutions.

Chief Justice CAPPY and Justice CASTILLE join this Concurring Statement.