J-A15039-20
J-A15040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MATTHEW EARLY | : | |
| | : | |
| Appellant | : | No. 2159 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 25, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000769-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MATTHEW EARLY | : | |
| | : | |
| Appellant | : | No. 2160 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 25, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000771-2013

BEFORE:   LAZARUS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.:                    Filed: August 13, 2020

Appellant, Matthew Early, appeals from the judgments of sentence

entered in the Philadelphia County Court of Common Pleas, following his guilty

pleas to attempted murder, possession of an instrument of crime ("PIC"),

_____

[*] Retired Senior Judge assigned to the Superior Court.

firearms not to be carried without a license, and carrying firearms in public in Philadelphia.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On December 12, 2012, Appellant and his brother had a verbal altercation with Tremaine Fortune on a train.  When Appellant and his brother exited the train at a station stop, Appellant turned back toward the train and fired a gun through the open train door at Mr. Fortune.  A bullet struck the abdomen of Mr. Fortune, who was still on the train.  The bullet passed through Mr. Fortune and struck the leg of Avery Moore, who was behind Mr. Fortune.  During the investigation into the incident, police recovered video surveillance footage of the shooting.  Additionally, Detective Orlando Ortiz interviewed the victims and had them identify suspects in photo arrays, which included pictures of both Appellant and his brother.

The Commonwealth charged Appellant with, *inter alia*, attempted murder, PIC, and firearms offenses at two docket numbers.  Specifically, the Commonwealth charged Appellant at docket No. 769-2013 for the offenses concerning Mr. Fortune and at docket No. 771-2013 for the offenses related to Mr. Moore.  While the criminal complaints charged Appellant as the shooter, the affidavits of probable cause stated that the victims had identified Appellant's brother as the shooter in the photo arrays.  Detective Orlando Ortiz

---

[1] 18 Pa.C.S.A. §§ 2502, 907(a), 6106(a)(1), and 6108, respectively.

was the affiant for both the affidavits of probable cause and the criminal complaints.

Prior to Appellant's preliminary hearing, Appellant filed a motion to conduct a physical lineup. On January 17, 2013, the court held a hearing on Appellant's motion and a preliminary hearing. While discussing Appellant's lineup request, the Commonwealth stated: "As the suspect was developed one day later the detective went to the hospital and/or met up with [the victims] and showed them photo arrays separately and each [victim] identified [Appellant] through that photo array one day later." (N.T. Preliminary Hearing, 1/17/13, at 4). In response, Appellant did not challenge the prosecutor's statement or seek clarification as to whether the victims had identified Appellant as a bystander or the shooter. Appellant also asked the court to prohibit the Commonwealth from playing the surveillance video to refresh the victims' recollection. The court denied Appellant's lineup motion. (*See id.* at 4-5).

At the preliminary hearing, Mr. Moore testified that during the verbal quarrel on the train he heard Appellant say, "I have a bullet for everyone on this train. I have a bullet for each and every one of you." (*Id.* at 26). Additionally, both victims testified at the preliminary hearing that they saw Appellant fire the gun. The parties did not mark as exhibits or move into the record the photo arrays or the surveillance footage and did not call Detective Ortiz to testify. Throughout the hearing, Appellant did not question the victims

about their photo array identifications generally or as described in the affidavits of probable cause. Appellant also did not request the affidavits or state he had yet to receive them. Further, Appellant failed to argue that the evidence did not establish Appellant's identity as the shooter. Rather, at the conclusion of the preliminary hearing, defense counsel stated, "I submit that although there is evidence of a shooting from my client, there isn't sufficient evidence to infer that my client attempted to murder these individuals." (*Id.* at 6-41).

On September 11, 2013, Appellant entered guilty pleas at both docket numbers cumulatively to two counts each of attempted murder, PIC, firearms not to be carried without a license, and carrying firearms in public in Philadelphia. The court deferred sentencing and ordered a pre-sentence investigation ("PSI") report and mental health evaluation. In May 2014, Appellant filed *pro se* a motion to withdraw his guilty plea at docket No. 769-2013 (crimes related to Mr. Fortune).

On June 6, 2014, the court declared Appellant incompetent and entered an involuntary commitment order per the Mental Health Procedures Act, 50 P.S. §§ 7101-7503. The court deemed Appellant competent on July 14, 2016, and appointed new counsel in December 2016. The court again declared Appellant incompetent on June 1, 2017. Appellant filed at each docket number a motion to withdraw his guilty pleas and a motion to dismiss with prejudice for prosecutorial misconduct on January 21 and 26, 2018, respectively. The

- 4 -

court declared Appellant competent on January 29, 2018.

On March 8, 2018, the court held a hearing on Appellant's motions. Regarding his request to withdraw his guilty pleas, defense counsel argued the surveillance video showed Appellant was not the shooter. Counsel claimed the video depicts the shorter of the two individuals shooting into the train and counsel alleged that Appellant is six feet tall. The court indicated it had reviewed the surveillance footage and explained it could not gauge the height of the individuals due the perspective of the video. Counsel noted the victims' preliminary hearing identification testimony was at odds with the statement in the affidavits of probable cause that state the victims had identified Appellant's brother as the shooter on the photo arrays. In response, the Commonwealth explained the affidavits of probable cause inaccurately described the victims' photo array selections due to a typographical error. The Commonwealth submitted that Appellant possessed the completed photo arrays, on which both victims had circled Appellant's picture and written "shooter." The Commonwealth added that it had lost contact with one victim and three additional witnesses.

Regarding his prosecutorial misconduct claim, Appellant alleged the Commonwealth: (1) withheld discovery and the affidavits of probable cause, which counsel allegedly discovered only recently; and (2) presented the victims' identification testimony at the preliminary hearing knowing it contradicted the affidavits of probable cause. Notwithstanding his claims,

Appellant did not request to reopen the evidentiary record, attempt to present the testimony of Detective Ortiz, or seek to mark as exhibits and move into the record the photo arrays and/or surveillance video. (N.T. Motion Hearing, 3/8/18, at 3-15). The court denied Appellant's motions at the conclusion of the hearing, on March 8, 2018.

The court sentenced Appellant at both docket numbers on October 25, 2018, to an overall aggregate term of thirteen and one-half (13½) to twenty-seven (27) years' incarceration, plus ten (10) years' probation. On November 5, 2018, Appellant timely filed a post-sentence motion, which was denied by operation of law on March 5, 2019. Appellant timely filed notices of appeal at each docket number on April 3, 2019.[2] The court ordered Appellant on August 1, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on August 22, 2019.

Appellant raises two issues for our review:

> Whether the trial court abused its discretion in denying Appellant's motion[s] to withdraw [his] guilty plea[s], where the motion[s] w[ere] filed prior to sentencing and Appellant asserted fair and just reasons that he is innocent of attempted murder, carrying a firearm without a license, and

---

[2] Appellant's notices of appeal list only the respective docket number at which Appellant filed each notice, in compliance with **Commonwealth v. Creese**, 216 A.3d 1142 (Pa.Super. 2019). In any event, this Court recently overruled **Creese** to the extent that it required the Superior Court to quash appeals when an appellant files multiple notices of appeal and each notice lists all of the underlying trial court docket numbers. **See Commonwealth v. Johnson**, ____ A.3d ____, 2020 PA Super 164 (filed July 9, 2020) (*en banc*). Thus, Appellant's notices of appeal are properly before us. As Appellant filed nearly identical appellate briefs in these appeals, we consider them together.

- 6 -

carrying a firearm on public streets, and [PIC], where he was not the person responsible for the shooting and not charged with conspiracy?

Whether the trial court abused its discretion in denying Appellant's motion to dismiss with prejudice pursuant to [the] Double Jeopardy [Clause] of the Pennsylvania State Constitution, for prosecutorial misconduct, where the Commonwealth failed to disclose during [Appellant's] lineup motion [hearing] that Appellant was identified by [the victims] as [a] mere bystander, not the shooter, who is Appellant's brother, the Commonwealth permitted [the victims] to falsely identify Appellant as the shooter during the preliminary hearing, and the Commonwealth withheld [the victims'] exculpatory exoneration [of] Appellant by not providing discovery to Appellant's attorney who by chance discovered [the victims'] prior statement[s] contained in Detective Orlando[ Ortiz's] affidavit which was inadvertently made part of Appellant's [PSI] report?

(Appellant's Brief at 5).

In his first issue, Appellant argues the Commonwealth failed to verify whether the statement in the affidavits of probable cause stating the victims had identified Appellant's brother as the shooter on the photo arrays was actually due to a typographical error. Appellant also claims the surveillance video footage is exculpatory. Appellant submits he established a colorable claim of innocence. Appellant asserts the Commonwealth's loss of contact with witnesses does not show it would suffer prejudice if the court permitted Appellant to withdraw his pleas, because the surveillance video depicts the shooting. Appellant concludes this Court should vacate the judgments of

sentence and remand to permit Appellant to withdraw his guilty pleas.[3] We

disagree.

Review of the denial of a pre-sentence motion to withdraw a guilty plea

implicates the following:

> [W]e recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P 591(A). The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:
>
>> Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.
>
> *Commonwealth v. Carrasquillo*, 631 Pa. 692, [704,] 115 A.3d 1284, 1285, 1291-92 (2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to

---

[3] To the extent Appellant raises on appeal any issues related to his earlier 2014 motion to withdraw his guilty plea at docket No. 769-2013, those claims are waived for failure to preserve them in his Rule 1925(b) statement. *See Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2000) (stating general rule that issues not raised in Rule 1925(b) concise statement will be deemed waived on appeal); *Commonwealth v. Hill*, 609 Pa. 410, 427, 16 A.3d 484, 494 (2011) (stating: "Rule 1925(b) waivers may be raised by the appellate court *sua sponte*"); *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa.Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007) (explaining that Rule 1925(b) statement must be "specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal").

require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa.Super. 2013)[, *appeal denied*, 624 Pa. 687, 87 A.3d 318 (2014)].

***Commonwealth v. Davis***, 191 A.3d 883, 888-89 (Pa.Super. 2018), *appeal denied*, ___ Pa. ___, 200 A.3d 2 (2019).

[A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

***Carrasquillo, supra*** at 705-06, 115 A.3d at 1292 (internal citation omitted). (indicating court should consider plausibility and sincerity of defendant's assertion of innocence, as well as circumstances surrounding pre-sentence motion to withdraw plea, including motivation and timing of request; court properly denied withdrawal motion where evidentiary record was closed, defendant did not make request to reopen record to support motion to withdraw his guilty plea, and his assertion of innocence was outlandish). "[B]oth the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." ***Commonwealth v. Islas***, 156 A.3d 1185, 1190 (Pa.Super. 2017) (noting defendant's prior representation of innocence to police lent credence to his pre-sentence assertion of innocence). ***See also Commonwealth v. Norton***, ___ Pa. ___, ___, 201 A.3d 112, 122 (2019) (stating: "The trial

court…properly factored into its exercise of discretion [a]ppellant's knowledge of his available defenses when he pleaded and then inexplicably waited four months to file his motion to withdraw his plea").

A defendant's failure to establish a plausible claim of innocence renders unnecessary a consideration of whether pre-sentence withdrawal of the guilty plea would substantially prejudice the Commonwealth. *Carrasqullio, supra* at 706 n.9, 115 A.3d at 1293 n.9 (declining to address prejudice to Commonwealth, because defendant failed to assert plausible claim of innocence); *Commonwealth v. Hvizda*, 632 Pa. 3, 9, 116 A.3d 1103, 1107 (2015) (holding pre-sentence request to withdraw plea failed on sole basis that defendant made only bare assertion of innocence).

Additionally, an appellant bears the burden to ensure the certified record on appeal is complete and contains all the necessary materials for the reviewing court to perform its duty. *Commonwealth v. Bongiorno*, 905 A.2d 998, 1000 (Pa.Super. 2006) (*en banc*), *appeal denied*, 591 Pa. 688, 917 A.2d 844 (2007). Where a claim is dependent upon materials not provided in the certified record, the claim is waived. *Commonwealth v. Muntz*, 630 A.2d 51, 55 (Pa.Super. 1993). Specifically, an appellant's claim is waived where the appellant fails to include exhibits in the certified record necessary for appellate review. *Commonwealth v. Proetto*, 771 A.2d 823, 834 (Pa.Super. 2001), *aff'd*, 575 Pa. 511, 837 A.2d 1163 (2003).

Instantly, Appellant filed his pre-sentence motions to withdraw his guilty

pleas nearly four and one-half years after he entered the pleas. Appellant's claim of innocence was grounded in: (1) the affidavits of probable cause stating the victims had identified Appellant's brother as the shooter in the photo arrays, and (2) the surveillance footage purportedly showing Appellant was not the shooter.

Nevertheless, Appellant failed to establish a plausible claim of innocence. First, at the outset of the preliminary hearing, the Commonwealth indicated the victims had viewed photo arrays during the police investigation. Appellant did not object or seek clarification of the prosecutor's remarks as to whether the victims had identified Appellant in the photo arrays as a bystander or the shooter. Further, Appellant did not object to the victims' identification testimony or question the victims about their photo array identifications. Also, Appellant made no argument regarding the alleged discrepancy in the affidavits of probable cause. Even though Appellant was aware of the surveillance video, he similarly did not introduce the video, or play it and ask the victims whether they recognized either individual in the video as Appellant. Furthermore, defense counsel conceded there was evidence showing Appellant was the shooter.

Second, during the hearing on Appellant's motion to withdraw his pleas, he did not seek to reopen the evidentiary record. ***See Carrasquillo, supra.*** Appellant failed to attempt to introduce any sworn statement or testimony from Officer Ortiz to: (1) authenticate the photo arrays and describe his

observations of the victims completing the photo arrays; and (2) confirm or deny whether the affidavits of probable cause contained a typographical error. Appellant also did not argue that any other witnesses could identify someone other than Appellant as the shooter or present potential witnesses' statements to that effect. Additionally, Appellant did not request to mark as exhibits and introduce the photo arrays and the surveillance video, so they are not part of the certified record. **See Bongiorno, supra**; Pa.R.A.P. 1921. Furthermore, the court stated it had viewed the video, disagreed with Appellant's position regarding what the video depicted in terms of the relative heights of the individuals on the video, and concluded Appellant made no plausible assertion of innocence.

Third, the timing of Appellant's pre-sentence motions to withdraw his pleas nearly four and one-half years after he entered his guilty pleas, coupled with Appellant's failure to represent that he had maintained his innocence prior to filing the motions, weigh against a determination that his innocence claim is colorable. **See Norton, supra**; **Carrasquillo, supra**; **Islas, supra**. Finally, to the extent Appellant asserts the Commonwealth bore a burden to show Appellant had no plausible innocence claim, that argument fails. Rather, Appellant bore the burden to demonstrate a colorable assertion of innocence. **See Carrasquillo, supra**. Based upon the foregoing, Appellant failed to establish a plausible assertion of innocence, and the court properly exercised its discretion to deny Appellant's pre-sentence motions to withdraw his guilty

pleas. *See id.*

In his second issue, Appellant argues the Commonwealth committed *Brady*[4] violations when it withheld exculpatory evidence regarding the photo arrays at the preliminary hearing and withheld discovery years after Appellant entered his guilty pleas. Appellant asserts the Commonwealth elicited the victims' preliminary hearing testimony that Appellant was the shooter even though it knew the testimony contradicted the affidavits of probable cause. Appellant submits the Commonwealth prevented him from impeaching the victims' testimony by concealing that the victims' allegedly had identified the shooter as Appellant's brother on the photo arrays. Appellant posits the Commonwealth's intentional misconduct prohibits it from retrying Appellant, pursuant to the Double Jeopardy Clause of the Pennsylvania Constitution. Appellant concludes this Court should vacate the judgments of sentence. We disagree.

As a prefatory matter, "[g]enerally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa.Super. 2017).

Here, Appellant entered guilty pleas at both docket numbers. So, his second issue regarding prosecutorial misconduct is waived for purposes of

---

[4] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d. 215 (1963).

appeal. *See id.* Furthermore, Appellant failed to include in his Rule 1925(b) statement any mention of double jeopardy and *Brady*. Thus, even if Appellant's prosecutorial misconduct claim was properly before us, his arguments regarding double jeopardy and *Brady* would be waived. *See Castillo, supra*. Accordingly, Appellant's issues merit no relief, and we affirm the judgments of sentence.

Judgments of sentence affirmed.

Judge Lazarus joins this memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/20