J-S26008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS SYLVESTER GODARD, JR. | : | |
| | : | |
| Appellant | : | No. 120 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 7, 2021,
in the Court of Common Pleas of Cumberland County,
Criminal Division at No(s):  CP-21-CR-0002275-2020.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED SEPTEMBER 30, 2022**

Curtis Sylvester Godard, Jr. appeals from the judgment of sentence imposed after a jury convicted him of corruption of minors and harassment.[1] Upon review, we affirm.

Briefly, the facts are as follows.  Godard worked at a Chili's restaurant in Mechanicsburg, Pennsylvania.  The victim, who was 16 years old, also worked there.  During the time they worked together, Godard and the victim were not friends or even acquainted with each other.  On occasion however, the victim noticed Godard staring at her or taking pictures of her.

Shortly after he left employment at Chili's, Godard started texting the victim; he identified himself as "Curtis from Chilis, the dishwasher."  Godard

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(i) and 2709(a)(4).

got the victim's number from a scheduling app used by the employees. Godard complimented her and asked for her shoe and dress sizes. He asked if he could send her money and told her he wanted to take her places. The victim told Godard she was only 16 and to stop contacting her, but he continued to do so. And, despite her telling him she was a minor, Godard then asked her to send him nude images of her. When she blocked his phone number, Godard continued to contact the victim through Snapchat and Facebook.

Meanwhile, Godard also was texting the Chili's manager and two other employees who believed that the communications were for sexual purposes. The Chili's manager contacted the police and reported the communications. Following an investigation, Godard was arrested and charged with multiple offenses.

On July 15, 2021, a jury convicted Godard of corruption of minors and harassment.[2] On September 7, 2021, the trial court sentenced Godard to an aggregate probationary term of two years. Godard filed a post-sentence motion, which the court denied.

Godard filed this timely appeal. Godard and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Godard raises the following single issue for our review:

I. Was the evidence insufficient to sustain the conviction for misdemeanor corruption of minors where the Commonwealth

_____

[2] On appeal, Godard only challenges the corruption of minors conviction.

failed to prove beyond a reasonable doubt that [Godard's] communications corrupted the morals of a minor?

Godard's Brief at 6.

Godard challenges the sufficiency of the evidence to convict him of the corruption of minors. Specifically, Godard claims that the evidence in this case was insufficient to prove beyond a reasonable doubt that he engaged in any conduct which corrupted the morals of the victim. Godard maintains that the documented interactions between him and the victim were nothing more than harmless offers of gifts and money and general, polite conversations. He further maintains that there was no documented evidence of the alleged requests for nude photos. Instead, the evidence showed that they were deleted from the victim's phone or occurred through Snapchat and were automatically deleted. As such, Godard contends that the evidence was insufficient to sustain his conviction. Godard's Brief at 12.

> In reviewing a sufficiency of the evidence claim, this Court:
>
> must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). However, "the inferences must flow from facts and circumstances proven in the record and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond

- 3 -

a reasonable doubt." ***Commonwealth v. Scott,*** 597 A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." ***Id.*** Any doubts regarding a defendant's guilt may be resolved by the fact finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. ***Commonwealth v. Gilliam***, 249 A.3d 257, 267, *reargument denied* (May 19, 2021), *appeal denied*, 267 A.3d 1213 (Pa. 2021). Finally, "[b]ecause evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013).

Section 6301 of the Crimes Code defines corruption of minors, in relevant part, as follows:

> whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, ... commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1)(i). It is well established that "[t]he Commonwealth need not prove that the minor's morals were actually corrupted. Rather, a conviction for corrupting morals will be upheld where the conduct of the defendants tends to corrupt the minor's morals."

*Commonwealth v. Slocum*, 86 A.3d 272, 277 (Pa. Super. 2014) (quoting *Commonwealth v. Mumma*, 414 A.2d 1026, 1030 (Pa. 1980)). For the purposes of this offense, this Court has "held that actions that tended to corrupt the morals of a minor were those that would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain." *Slocum*, 86 A.3d at 277 (citation and quotation marks omitted).

Here, the victim testified that Godard had been communicating with her via text. She further testified that Godard asked her for nude images of her. He did this even after learning that she was only 16. When she blocked his phone number, he sent her messages via Snapchat.

"The uncorroborated testimony of a single witness is sufficient to sustain a conviction for a criminal offense, so long as that testimony can address and, in fact, addresses, every element of the charged crime." *Commonwealth v. Johnson*, 180 A.3d 474, 481 (Pa. Super. 2018). The victim's testimony identified Godard as the one sending the messages to her. She also indicated that she told him she was only 16, so he was aware he was talking to a minor. Lastly, and importantly, her testimony further established the content of the messages, i.e., requests for nude images of a young girl, which clearly tended to corrupt the morals of a minor. *See Commonwealth v. Proetto*, 771 A.2d 823 (Pa. Super. 2001), *aff'd*, 837 A.2d 1163 (2003) (sufficient evidence for corruption of minors conviction where defendant asked victim to prepare a tape of herself for him and engage in a sexual relationship). Although there

was no documented evidence of these requests, the victim's testimony alone was sufficient for the jury to conclude that Godard asked the victim, a minor, for nude photographs of herself.

And, although there may have been some uncertainty about the means which Godard used to ask the victim for the nude images, *i.e.*, text or Snapchat, any inconsistency in the evidence was solely for the jury to resolve. *See Commonwealth v. Juray*, 275 A.3d 1037, 1045 (Pa. Super. 2022) (inconsistencies in testimonial evidence were for jury to resolve and did not dictate finding that evidence was not sufficient for conviction). The evidence showed that Godard used both means to communicate with the victim: the text messages were introduced into evidence and showed that Godard also was sending the victim messages via Snapchat. Furthermore, as the trial court noted, regardless of the means of communication, the victim's testimony was unwavering and credibly established that Godard requested nude photos from her. *See* Trial Court Opinion, 3/17/22, at 3.

Based upon our review of the record and viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that there was sufficient evidence to convict Godard of corruption of minors.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/30/22