J-S28039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GABRIEL TYLER WOOD | : | |
| | : | |
| Appellant | : | No. 73 MDA 2020 |

Appeal from the Judgment of Sentence Entered May 28, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-SA-0000010-2019

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 24, 2020**

Gabriel Tyler Wood ("Wood") appeals from the judgment of sentence imposed following his conviction of driving while operating privilege is suspended or revoked.[1]  Additionally, Wood's counsel, Elizabeth A. Close, Esquire ("Attorney Close"), has filed an Application to Withdraw as Counsel, and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We deny Attorney Close's Application to Withdraw with instructions.

On October 16, 2018, at 7:43 a.m., Pennsylvania State Trooper Jeffrey Black ("Trooper Black") was dispatched to a disabled vehicle that was pulled over to the side of Exit 77, Linglestown Road, on Interstate 81.  When he arrived at the disabled vehicle, Trooper Black observed a single male individual

_____

[1] 75 Pa.C.S.A. § 1543(a).

near the vehicle. Upon exiting his cruiser, and approaching the disabled vehicle, Trooper Black spoke with the man, who identified himself as Wood. Wood told Trooper Black that he was driving to work when his vehicle broke down. After speaking with Wood, Trooper Black checked the vehicle's registration and Wood's driving history. Upon doing so, Trooper Black discovered that Wood's license was suspended and that Wood had no insurance. Trooper Black issued Wood citations for both driving while operating privilege is suspended or revoked and operation of a motor vehicle without required financial responsibility.[2]

On January 10, 2019, Wood appeared before a magisterial district judge where Wood pled guilty to operation of a motor vehicle without required financial responsibility. On the same day, Wood had a hearing on the citation for driving while operating privilege is suspended or revoked after which the magisterial district judge found Wood guilty and sentenced Wood to 30 days in the Dauphin County Prison.

Wood filed a timely summary appeal challenging his conviction of driving while operating privilege is suspended or revoked. On May 28, 2019, the trial court conducted a trial *de novo*, at which Wood was represented by Attorney

---

[2] 75 Pa.C.S.A. § 1786(f).

Close. The Commonwealth presented the testimony of Trooper Black and entered Wood's certified driving record into evidence.[3]

Wood presented the testimony of Hailey Mehaffie ("Mehaffie"), his girlfriend at the time, as well as his own testimony. Mehaffie testified that she, not Wood, was driving the vehicle that morning. Mehaffie stated that after the vehicle broke down, she called a friend to pick her up and left the scene because she was late for work.

In his testimony, Wood confirmed that Mehaffie was driving the vehicle when it broke down, and that she had a friend pick her up from that location. Wood stated that he called for a tow truck and elected to stay with the vehicle until the tow truck arrived. He agreed that, sometime after Wood had called for the tow truck, Trooper Black arrived on scene and issued the above-mentioned citations.

_____

[3] The Notes of Testimony indicate that Wood's certified driving record was admitted as Commonwealth's Exhibit 1 at the trial *de novo*. **See** N.T. (Summary Appeal), 5/28/19, at 9. However, this exhibit is missing from the certified record on appeal. **See Commonwealth v. Bongiorno**, 905 A.2d 998, 1000 (Pa. Super. 2006) (stating that it is the appellant's duty to ensure that the record certified on appeal is complete). At the trial *de novo*, Trooper Black testified that Wood's driving record revealed six prior convictions of driving while operating privilege is suspended or revoked. **See** N.T. (Summary Appeal), 5/28/19, at 9. Additionally, Trooper Black testified that Wood's certified driving record indicates that Wood's driver's license was suspended at the time he encountered Wood on October 16, 2018. **See id.** Wood did not object to the admission of his certified driving record, and did not challenge Trooper Black's summary of its contents. **See id.**

- 3 -

At the conclusion of the trial *de novo*, the trial court affirmed Wood's conviction of driving while operating privilege is suspended or revoked. On the same day, the trial court sentenced Wood to a period of 60 days to 6 months in prison in the Dauphin County Prison, and to pay a fine of $1,000.00.

Wood, through Attorney Close, filed a Notice of Appeal on June 28, 2019. Attorney Close filed a Statement of Intent to file an **Anders**/**McClendon** Brief in lieu of a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court declined to file a Pa.R.A.P. 1925(a) Opinion. On August 16, 2019, in a *per curiam* Order, this Court quashed Wood's appeal as untimely filed.

Subsequently, on August 26, 2019, James J. Karl, Esquire ("Attorney Karl"), entered his appearance on behalf of Wood and filed a Post-Conviction Relief Act Petition.[4] The Petition alleged that Attorney Close was *per se* ineffective for failing to file a timely notice of appeal for Wood. On December 30, 2019, the PCRA court reinstated Wood's post-sentence motion and direct appeal rights *nunc pro tunc*. After some deliberation, the trial court re-appointed the Dauphin County Public Defender's Office to represent Wood. Attorney Close re-entered her appearance on behalf of Wood and filed the instant timely Notice of Appeal.[5]

---

[4] 42 Pa.C.S.A. §§ 9541-9546.

[5] Attorney Close did not file a post-sentence motion.

- 4 -

On January 8, 2020, Attorney Close filed a Statement of Intent to file an **Anders**/**McClendon** Brief in lieu of a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. The trial court again declined to file an Opinion pursuant to Pa.R.A.P. 1925(a). Attorney Close subsequently filed, with this Court, an Application to Withdraw as Counsel and a brief pursuant to **Anders**. Wood did not file a *pro se* brief, nor did he retain alternate counsel for this appeal.

Before addressing Wood's issues on appeal, we must determine whether Attorney Close has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to [the] defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted.

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of **Anders** and **Santiago**, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In the instant case, our review of the **Anders** Brief and the Application to Withdraw as Counsel reveals that Attorney Close has substantially complied with each of the requirements of **Anders**/**Santiago**. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of **Anders**). Attorney Close has provided Wood with a copy of the **Anders** brief, and advised him of his rights to proceed *pro se*, retain new counsel, or raise any additional points deemed worthy of the Court's attention. Additionally, Attorney Close attached a copy of the letter that she sent to Wood to her Application to Withdraw as Counsel.

- 6 -

Thus, Attorney Close has complied with the procedural requirements for withdrawing from representation. We next review the issues raised by Attorney Close to determine whether the issues lack merit and are, in fact, frivolous.

In the **Anders** Brief, Attorney Close, presents the following question for our review: "[Whether] appellate counsel [should] be permitted to withdraw as counsel because any appellate issues in the case are frivolous?" **Anders** Brief at 4 (some capitalization omitted).

In support of this question, Attorney Close alleges that any claims Wood could have raised were frivolous. *Id.* at 8. Specifically, Attorney Close asserts that it would be frivolous to challenge the sufficiency of the evidence because the trial court found Trooper Black to be credible. *Id.* at 9-10. Further, Attorney Close directs our attention to Trooper Black's testimony that Wood's driver's license was suspended and that Wood had admitted to Trooper Black that he was driving the vehicle. *Id.* Finally, Attorney Close contends that any challenge on appeal would be better characterized as a challenge to the weight of the evidence, but that such a challenge is waived because Wood did not preserve it in a post-sentence motion. *Id.* at 10.

First, we will address Wood's challenge to the weight of the evidence. Attorney Close claims that Wood waived his challenge to the weight of the evidence by failing to file post-sentence motions and, therefore, his claim is frivolous. *Id.* at 10.

At the outset, we observe that post-sentence motions are prohibited in summary appeals following a trial *de novo*. **See** Pa.R.Crim.P. 720(D) (stating that "[t]here shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas."). Thus, despite Attorney Close's claim, Wood's claim challenging the weight of the evidence could not be, and is not, waived based upon his failure to file a post-sentence motion.

However, while Pa.R.Crim.P. 720(D) prohibits preservation of a weight of the evidence claim via post-sentence motion, it does not vitiate the defendant's responsibility to preserve such challenges before the trial court. **See Commonwealth v. Dougherty**, 679 A.2d 779, 784 (Pa. Super. 1994) (stating that appellant's challenge to the weight of the evidence in a summary appeal was preserved where the "trial [court] explicitly addressed … weight of the evidence at the close of appellant's trial[,]" in the absence of post-sentence motions). Additionally, Pa.R.Crim.P. 607(A) states that a challenge to the weight of the evidence may be preserved orally, on the record, or by written motion at any time before sentencing. **See** Pa.R.Crim.P. 607(A)(1), (2); **see also** Pa.R.Crim.P. 607 Cmt. (stating "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.").

Instantly, Wood did not raise a challenge to the weight of the evidence claim in a pre-sentence motion, nor did he address the issue orally prior to or

during sentencing. Thus, we agree with Attorney Close's assessment that Wood waived any challenge to the verdict as against the weight of the evidence. *See* Pa.R.Crim.P. 607(A); *see also Commonwealth v. Sherwood*, 983 A.3d 483, 494 (Pa. 2009) (stating that a challenge to the weight of the evidence is waived unless it is first presented to the trial court); *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (stating that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous[.]"). Accordingly, on this basis, we agree with counsel that Wood's challenge to the weight of the evidence is frivolous.

We now turn to Wood's challenge to the sufficiency of the evidence. A claim challenging the sufficiency of the evidence is a question of law. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). Our standard of review is well-settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa. Super. 2013) (citations omitted).

In order to establish a violation of driving while operating privilege is suspended or revoked, section 1543(a) of the Motor Vehicle Code provides that, "[e]xcept as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense[.]" 75 Pa.C.S.A. § 1543(a).

At the trial *de novo*, the Commonwealth presented evidence of Wood's admission to Trooper Black that he was driving the vehicle prior to it becoming disabled. **See** N.T. (Summary Appeal), 5/28/19, at 8-9. Additionally, the Commonwealth entered Wood's certified driving record, without objection, as an exhibit. **Id.** at 9. According to Trooper Black, the certified driving record indicated that Wood's driver's license was suspended at the time of the incident in question. **Id.** In finding Wood guilty, the trial court gave credence to Trooper Black's testimony and Wood's certified driving record, and concluded that Wood was operating the vehicle on a suspended license. **See id.** at 34-35.

Accordingly, to the extent that Attorney Close challenges the sufficiency of the evidence on this basis, we agree that this claim would lack merit.

We next independently review the record to determine whether there exist any additional, non-frivolous issues. **See Dempster**, **supra**.

In order to sustain a conviction of driving while operating privilege is suspended or revoked, and in addition to the elements required by 75 Pa.C.S.A. § 1543(a), the Commonwealth must demonstrate that the defendant had *actual notice* that his license was suspended or revoked. **Commonwealth v. Baer**, 682 A.2d 802, 805 (Pa. Super. 1996). The certified record before us contains no evidence that Wood had actual notice of his license suspension. **See Commonwealth v. Kane**, 333 A.2d 925 (Pa. 1975) (where our Supreme Court held that it is necessary for the Commonwealth to prove that the accused had actual notice of suspension in order to sustain a conviction of driving while under suspension); **see also Commonwealth v. McDonough**, 621 A.2d 569, 572 (Pa. 1993) (explaining that the Court's holding in **Kane** applies to the current statute, 75 Pa.C.S.A. § 1543, as well). However, as set forth *supra*, the certified driving record is not included with the record forwarded to this Court on appeal.

Because this issue is potentially meritorious, we deny counsel's request to withdraw from representation at this time. Within 30 days of the date of this Memorandum, we direct counsel to file either an appellate brief addressing this claim, or to file a new application to withdraw from representation and **Anders** brief addressing why this claim lacks merit and is frivolous. **See Dempster**, **supra**; **see also Commonwealth v. Tukhi**, 149 A.3d 881, 890

(Pa. Super. 2016) (explaining that where potentially non-frivolous issues exist, the appellate court will not state what relief is due, if any). The Commonwealth may file a responsive brief within 30 days thereafter.

Application to Withdraw as Counsel denied. Within 30 days of the date of this Memorandum, counsel is directed to file either an appellate brief, or a new application to withdraw from representation and **Anders** brief in accordance with this Memorandum. Superior Court panel jurisdiction retained.