**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James Joseph BONGIORNO, Appellant.**

Superior Court of Pennsylvania.

Argued April 27, 2004.
Filed Aug. 8, 2006.

———

Terry W. Despoy, Altoona, for appellant.

Jackie A. Bernard, Asst. Dist. Atty., Hollidaysburg, for Com., appellee.

BEFORE: DEL SOLE, P.J.E., and HUDOCK, JOYCE, STEVENS, LALLY-GREEN, TODD, GANTMAN, McCAFFERY and PANELLA, JJ.

OPINION BY HUDOCK, J.:

¶ 1 This is an appeal from the judgment of sentence entered following Appellant's conviction on drug-related charges. We affirm.

¶ 2 Appellant was charged with making three separate sales of heroin to a confidential informant. The transactions took place on December 29, 2003, January 3, 2004, and January 6, 2004. The sales were arranged by the confidential informant through a middleman, who was present for all three transactions. Appellant was arrested after the third "controlled buy."

¶ 3 A jury trial was conducted in October of 2004. The jury found Appellant guilty on two counts of possession of a controlled substance and two counts of possessing a controlled substance with the intent to deliver it.[1] On January 24, 2005, the trial court ruled that the sentencing enhancements for selling contraband substances within a school zone applied to one of Appellant's convictions. The trial judge then sentenced Appellant to serve an aggregate term of two to four years of imprisonment. Appellant's timely notice of appeal followed.

¶ 4 On September 15, 2005, a three-judge panel of this Court affirmed the judgment of sentence. However, the panel determined that it was unable to address one of Appellant's claims, a sentencing issue, because no copy of the sentencing hearing transcript was transmitted with the certified record. Appellant filed a petition for panel reconsideration/reargument *en banc*, which was supplemented by a copy of the missing transcript. We granted reargument *en banc* for the purpose of addressing whether the sentencing claim must be deemed waived under the circumstances of this case.

 ¶ 5 Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. *Commonwealth v. Kleinicke*, 895 A.2d 562, 575 (Pa.Super.2006) (*en banc*). In *Commonwealth v. Preston*, 2006 PA Super 170, ¶ 7, 904 A.2d 1 (*en banc*), we explained that to facilitate an appellant's ability to comply with this requirement, our Supreme Court adopted the following procedural rule effective June 1, 2004:

> The clerk of the lower court shall, at the time of the transmittal of the record to the appellate court, mail a copy of the list of record documents to all counsel of record, or if unrepresented by counsel, to the parties at the address they have provided to the clerk. The clerk shall note on the docket the giving of such notice.

Pa.R.A.P. 1931(d). As the explanatory comment to Rule 1931 indicates, if counsel (or a party) discovers that anything material has been omitted from the certified record, the omission can be corrected pursuant to the provisions of Rule of Appel-

---

1. 35 P.S. §§ 780–113(a)(16) and 780– 113(a)(30), respectively.

late Procedure 1926. Under Rule 1926, an appellate court **may** direct that an omission or misstatement shall be corrected through the filing of a supplemental certified record. However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts. *Preston*, 2006 PA Super 170, at ¶ 7.

¶ 6 An appellant should not be denied appellate review if the failure to transmit the entire record was caused by an "extraordinary breakdown in the judicial process." *Commonwealth v. Williams*, 552 Pa. 451, 715 A.2d 1101, 1106 (1998). However, if the appellant caused a delay or other problems in transmitting the certified record, then he or she is not entitled to relief and the judgment of the court below should be affirmed. *Id. See Commonwealth v. Barge*, 560 Pa. 179, 743 A.2d 429, 429–30 (1999) (directing that if documents are missing from the certified record because of a default by court personnel, an appellant is entitled to have his claims resolved on the merits, but if the absence of the evidence is attributable to the appellant's failure to comply with the relevant procedural rules, the claims will be deemed to have been waived).

¶ 7 Nevertheless, the existence of Rule 1931(d) does not supplant the legal mandate that places responsibility on the appellant to ensure that a complete record reaches the appellate court. The purpose of Rule 1931(d) is to **assist** appellants by providing notice as to what was transmitted so that remedial action can be taken if necessary. Rule 1931(d) does not absolve the appellant from the duty to see that this Court receives all documentation necessary to substantively address the claims

raised on appeal. We caution the bench and bar that if the clerk of court fails to satisfy the requirements of Rule 1931(d) by providing a list of record documents, it behooves the appellant to investigate the matter. The failure of counsel or of an unrepresented appellant to make inquiry does not constitute an "extraordinary breakdown in the processes of the court." Whether a default with regard to the contents of the certified record warrants a finding of waiver is a question that must be evaluated under the particular facts and circumstances of a specific appeal.

¶ 8 In the present case, the clerk of court did not send Appellant a list of record documents transmitted on appeal. Knowing that the transcript was crucial to an adjudication of Appellant's sentencing issue, counsel attempted to verify that the transcript was transmitted along with the rest of the certified record. He was reassured on this point by a staff member of the clerk of court's office. The Commonwealth does not dispute Appellant's allegations in this regard. In light of these circumstances, we conclude that counsel took reasonable steps to ensure that the record certified on appeal and transmitted to this Court was adequate to afford a basis for ruling on the merits of Appellant's sentencing claim.[2] Unfortunately, for whatever reason, the transcript was not sent to us. This situation clearly implicates a breakdown in the processes of the court, which cannot be attributed to Appellant. The record has been supplemented with a certified copy of the relevant transcript, and we now are in a position to address Appellant's sentencing argument.

¶ 9 Appellant claims that the trial court erred by imposing the two-year

---

**2.** We reach no conclusion as to the result if, in some future case, the Commonwealth were to dispute an appellant's assertions that court

personnel incorrectly represented the composition of the record certified and transmitted on appeal. That did not occur in this case.

minimum sentence mandated by 18 Pa. C.S.A. section 6317, the "drug-free school zones" provision. Challenges to a trial court's application of a mandatory sentencing provision implicate the legality of sentence. *Commonwealth v. Lewis,* 885 A.2d 51, 55 (Pa.Super.2005). Issues relating to the legality of a sentence are questions of law, as are claims contesting a court's application of a statute. *Id.* Our scope of review in such matters is plenary. *Id.*

¶ 10 Section 6317 provides, in pertinent part, as follows:

### § 6317. Drug-free school zones

(a) **General rule.**—A person 18 years of age or older who is convicted in any court of this Commonwealth of a violation of section 13(a)(14) or (30) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, shall, if the delivery or possession with intent to deliver of the controlled substance occurred within 1,000 feet of the real property on which is located a public, private or parochial school or a college or university or within 250 feet of the real property on which is located a recreation center or playground or on a school bus, be sentenced to a minimum sentence of at least two years of total confinement, notwithstanding any other provision of this title, The Controlled Substance, Drug, Device and Cosmetic Act or other statute to the contrary. The maximum term of imprisonment shall be four years for any offense:

(1) subject to this section; and

(2) for which The Controlled Substance, Drug, Device and Cosmetic Act provides for a maximum term of imprisonment of less than four years. If the sentencing court finds that the delivery or possession with intent to deliver was to an individual under 18 years of age, then this section shall not be

applicable and the offense shall be subject to section 6314 (relating to sentencing and penalties for trafficking drugs to minors).

(b) **Proof at sentencing.**—The provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable.

18 Pa.C.S.A. § 6317(a)-(b). Appellant contends that the Commonwealth failed to prove that the drug sale for which he was sentenced occurred in an area within two hundred fifty feet of a playground. Specifically, he argues that the Commonwealth failed to prove that the area in question can be designated as a "playground." (Appellant stipulated that the drug transaction occurred within one hundred feet of the location in question. N.T., 1/24/05, at 3–4. *See also* Commonwealth Exhibit 3 (comprising a diagram indicating that the drug transaction occurred approximately one hundred feet from the alleged "playground")).

¶ 11 Section 6317 itself does not define what constitutes a "playground," but the term has been discussed in our case law. *Commonwealth v. Brice,* 856 A.2d 107, 112 (Pa.Super.2004), *appeal denied,* 581 Pa. 696, 864 A.2d 1202 (2005). A "playground" has been described as "a piece of land used for and usually equipped with facilities for recreation especially by children" and as

an "outdoor area set aside for recreation and play"—especially one containing play equipment such as seesaws and swings. *Id.* This Court has concluded that the statute is not limited to school or municipal play areas, but rather, "protects our children in the places where they routinely play." *Id.* (quoting *Commonwealth v. Campbell,* 758 A.2d 1231, 1237 (Pa.Super.2000)).

¶ 12 It was established at trial that the drug sale at issue here occurred on a street outside the Cherry Hill Apartments, a high occupancy multi-family residential apartment complex located approximately six blocks away from Altoona Hospital. N.T., 10/26/04, at 68, 139–40, 148, 164, 172. The residential complex has an area which the Commonwealth characterized as a "playground." At the sentencing hearing, the Commonwealth entered into evidence two photographs of the alleged "playground" as Commonwealth Exhibits 1 and 2. N.T., 1/24/05, at 6. One of the photographs depicts a grassy area set off from the apartment buildings by a fence. Commonwealth Exhibit 1. This photograph also discloses that there is a park bench facing a piece of playground equipment. *Id.* Sergeant Norman Young of the Altoona Police Department testified that the area contained a "merry-go-round-type ride." N.T., 1/24/05, at 7. The merry-go-round is depicted in both photographs entered into evidence by the Commonwealth. Commonwealth Exhibits 1 and 2. Furthermore, both photographs show that "safety chips" (wood chips) have been spread on the ground near the merry-go-round. *Id.* In light of this evidence, we have no difficulty in concluding that the Commonwealth satisfied its burden of proving that the drug transaction occurred within two hundred fifty feet of a "playground" as that term is contemplated by section 6317.

¶ 13 As to all other arguments raised by Appellant, we hereby reinstate the decision of the panel on those issues as originally filed on September 15, 2005, and we affirm on that basis with regard to those claims.

¶ 14 Judgment of sentence affirmed.