J-S70038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT HALL | |
| Appellant | No. 905 EDA 2015 |

Appeal from the PCRA Order March 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0409511-1997

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 02, 2015**

Robert Hall appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County denying his fourth petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After our review, we affirm.

Following the 1997 murder of Edward Williams, a jury convicted Hall of second-degree murder, robbery, criminal conspiracy and abuse of corpse. The trial court sentenced Hall to life imprisonment, and this Court affirmed his judgment of sentence on direct appeal.  On June 13, 2000, our Supreme Court denied Hall's petition for allowance of appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

On June 4, 2001, Hall filed his first PCRA petition, which was denied on June 10, 2002. Hall filed an appeal and this Court remanded so that the PCRA court could consider his petition to proceed *pro se*. On September 11, 2002, the PCRA court granted Hall's petition to proceed *pro se*.

On July 9, 2003, this Court remanded the case again to allow the PCRA to consider Hall's twenty-eight additional *pro se* claims, which Hall had raised in his response to the PCRA court's Pa.R.Crim.P. 907 Notice of Intent to Dismiss. On January 28, 2004, the PCRA court dismissed these claims. This Court affirmed. **See Commonwealth v. Hall**, 867 A.2d 619 (Pa. Super. 2005).

On November 28, 2007, Hall filed his second PCRA petition. The PCRA court issue a Rule 907 notice of intent to dismiss, **see** Pa.R.Crim.P. 907, and, on August 11, 2008, dismissed the petition. This Court affirmed, and on February 17, 2010, our Supreme Court denied Hall's motion for leave to file a petition for allowance of appeal *nunc pro tunc*.

On July 10, 2010, Hall filed his third PCRA petition. That petition was also dismissed. On appeal, this Court quashed for substantial non-compliance with the Pennsylvania Rules of Appellate Procedure, **see** Pa.R.A.P. 2101, and for failure to ensure that the certified record on appeal was complete. **See Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013) (it is responsibility of appellant to ensure record certified on appeal is complete in sense that it contains all materials necessary for

reviewing court to perform its duty); *see also Commonwealth v. Bongiorno*, 905 A.2d 998, 1000 (Pa. Super. 2006) (en banc).

Before us now is an appeal from the denial of Hall's fourth petition, filed on February 3, 2015, labeled "State Writ of Habeas Corpus." Essentially, Hall contends that since his prior petitions were dismissed, he cannot obtain relief through the PCRA and therefore he is entitled to review of his claim "under § 6501-03 & Article 1 § 14 of the Pennsylvania Constitution and the 14th Amendment of the U.S. Constitution which guarantees the right to habeas corpus." *See* PCRA Petition, 2/3/15, at ¶¶ 12-13.

When reviewing a PCRA court's denial of a petition for relief, we are limited to determining whether the court's determination is "supported by evidence of record and whether it is free of legal error." *Commonwealth v. Allen*, 732 A.2d 582, 586 (Pa. 1999). The PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including habeas corpus and coram nobis." 42 Pa.C.S.A. § 9542. *See Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. 1998) ("PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA and that any petition seeking relief under the PCRA must be filed within one year of final judgment."). As the PCRA court noted, the writ of habeas corpus is only available in extraordinary circumstances if the claim is not cognizable under the PCRA. *See Commonwealth v. Judge*, 916 A.2d 511 (Pa. 2007) (petition could be

raised as writ of habeas corpus where PCRA did not provide remedy for allegation that Canada violated petitioner's rights under International Covenant for Civil and Political Rights).

Hall's petition does not fall into that category; rather, he has alleged claims of after-discovered evidence and governmental interference, some of which have been previously litigated and all of which are cognizable under the PCRA. The PCRA court found Hall's petition was patently untimely[1] and he failed to establish any exception to the time requirement. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). We find no error. **Allen**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2015

---

[1] The court sentenced Hall on April 9, 1998, and this Court affirmed on direct appeal. The Supreme Court denied Hall's petition for allowance of appeal on June 13, 2000. Hall's judgment of sentence became final on September 13, 2000, when the time for discretionary review by the United States Supreme Court had expired. 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, Hall had until September 13, 2001 to file a timely PCRA petition. As noted above, Hall filed his first petition on June 4, 2001, which was timely.