J-S64012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| ROY ALLEN BAGLEY | : | No. 1958 MDA 2016 |

Appeal from the Order Entered November 4, 2016
In the Court of Common Pleas of Bradford County
Criminal Division at No(s):  CP-08-CR-0000267-2016

BEFORE:   PANELLA, J., SHOGAN, J., and FITZGERALD*, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED DECEMBER 14, 2017**

The Commonwealth of Pennsylvania asks this Court to reverse a suppression court's order suppressing all evidence collected pursuant to the execution of an overly broad search warrant. Despite its claim that the suppression court erred in determining that the search warrant was overly broad, the Commonwealth has failed to ensure the presence of the warrant in the certified record. We cannot review the merits of this claim without reviewing the search warrant. Thus, the Commonwealth has waived all claims on appellate review.

Based upon a tip that Appellee was illegally in possession of a firearm, Trooper Caroline Rayeski applied for, and presumably received, a warrant to search Appellee's home. Following the execution of the search warrant and the discovery of firearms, the police charged Appellee with two counts of

_____
*   Former Justice specially assigned to the Superior Court.

persons not to possess firearms. Appellee filed a motion to suppress, alleging the search warrant was overly broad and therefore infringed upon his constitutionally protected rights. Following a hearing, the suppression court agreed with Appellee, holding that its review of the affidavit of probable cause attached to the search warrant indicated that the warrant itself did not "describe on its face the item as nearly as may be, which is necessary under Article 1[,] Section 8 of the Pennsylvania Constitution." Trial Court Amended Opinion, 12/14/16, at 4. This appeal follows.

The success or failure of the Commonwealth's claim clearly rests upon our interpretation of the language contained within the search warrant. However, the search warrant is not part of the certified record. "The fundamental tool for appellate review is the official record of events that occurred in the trial court." *Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*) (citation omitted). And "[o]ur law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Id*., at 7 (citation omitted).

Here, our review of the docketing statement indicates the search warrant was never filed, either independently, or as an exhibit to the suppression hearing. Furthermore, the list of record documents transmitted pursuant to Pa.R.A.P. 1931(d) and served upon the Commonwealth does not contain a notation, or any other indication, that the search warrant was a part

of the certified record transmitted on appeal.[1] Additionally, the Commonwealth filed a reproduced record. Bafflingly, a copy of the search warrant is not even included in that record.

Our review of the Commonwealth's claim is hamstrung by our inability to review the terms of the search warrant. Thus, we find the Commonwealth's claim that the suppression court incorrectly granted Appellee's suppression motion waived. ***See***, ***e.g.***, ***Commonwealth v. Barge***, 743 A.2d 429, 429-430 (Pa. 1999) (holding if the absence of the evidence is attributable to the appellant's failure to comply with the relevant procedural rules, the claims will be deemed to have been waived); ***Commonwealth v. B.D.G***., 959 A.2d 362, 373 (Pa. Super. 2008) (finding claim waived for failure to include relevant document in the certified record).

Order affirmed.
Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2017

_____

[1] "The purpose of Rule 1931(d) is to **assist** appellants by providing notice as to what was transmitted so that remedial action can be taken if necessary. Rule 1931(d) does not absolve the appellant from the duty to see that this Court receives all documentation necessary to substantively address the claims raised on appeal." ***Commonwealth v. Bongiorno***, 905 A.2d 998, 1001 (Pa. Super. 2006) (*en banc*) (emphasis in original).