J-S29025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON GARLAND | : | |
| | : | |
| Appellant | : | No. 2992 EDA 2017 |

Appeal from the Judgment of Sentence August 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002646-2016,
CP-51-CR-0004724-2015, CP-51-CR-0004943-2015

BEFORE:  PANELLA, J., MURRAY, J., and STEVENS, P.J.E.*

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:      **FILED JUNE 28, 2018**

The Majority reviews the merits of Appellant's challenge to the discretionary aspects of his sentence even though the certified record in this case does not contain transcripts from Appellant's trial or sentencing hearing. As a review of the certified record does not provide clarification on whether defense counsel or the trial court was responsible for the transmittal of the incomplete record to this Court, I would remand for an evidentiary hearing on this issue.  For this reason, I dissent.

It is well-established that "the fundamental tool for appellate review is the official record of what happened at trial, and appellate Courts are limited to considering only those facts that have been duly certified in the record on appeal.  ***Commonwealth v. Williams***, 552 Pa. 451, 456, 715 A.2d 1101, 1103 (1998).  This Court has emphasized that "[o]ur law is unequivocal that

_____

* Former Justice specially assigned to the Superior Court.

the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." **Commonwealth v. Bongiorno**, 905 A.2d 998, 1000 (Pa.Super. 2006) (*en banc*) (quoting **Commonwealth v. Kleinicke**, 895 A.2d 562, 575 (Pa.Super. 2006) (*en banc*)). In **Bongiorno**, this Court summarized the relevant law as follows:

> In **Commonwealth v. Preston**, 2006 PA Super 170, ¶ 7, 904 A.2d 1 (*en banc*), we explained that to facilitate an appellant's ability to comply with this requirement, our Supreme Court adopted the following procedural rule effective June 1, 2004:
>
>> The clerk of the lower court shall, at the time of the transmittal of the record to the appellate court, mail a copy of the list of record documents to all counsel of record, or if unrepresented by counsel, to the parties at the address they have provided to the clerk. The clerk shall note on the docket the giving of such notice.
>
> Pa.R.A.P. 1931(d). As the explanatory comment to Rule 1931 indicates, if counsel (or a party) discovers that anything material has been omitted from the certified record, the omission can be corrected pursuant to the provisions of Rule of Appellate Procedure 1926. Under Rule 1926, an appellate court **may** direct that an omission or misstatement shall be corrected through the filing of a supplemental certified record. However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts. **Preston**, 2006 PA Super 170, at ¶ 7.
>
> An appellant should not be denied appellate review if the failure to transmit the entire record was caused by an "extraordinary breakdown in the judicial process." **Commonwealth v. Williams**, 552 Pa. 451, 715 A.2d 1101, 1106 (1998). However, if the appellant caused a delay or other problems in transmitting the certified record, then he or she is not entitled to relief and the

judgment of the court below should be affirmed. *Id*. *See Commonwealth v. Barge*, 560 Pa. 179, 743 A.2d 429, 429–30 (1999) (directing that if documents are missing from the certified record because of a default by court personnel, an appellant is entitled to have his claims resolved on the merits, but if the absence of the evidence is attributable to the appellant's failure to comply with the relevant procedural rules, the claims will be deemed to have been waived).

Nevertheless, the existence of Rule 1931(d) does not supplant the legal mandate that places responsibility on the appellant to ensure that a complete record reaches the appellate court. The purpose of Rule 1931(d) is to **assist** appellants by providing notice as to what was transmitted so that remedial action can be taken if necessary. Rule 1931(d) does not absolve the appellant from the duty to see that this Court receives all documentation necessary to substantively address the claims raised on appeal. We caution the bench and bar that if the clerk of court fails to satisfy the requirements of Rule 1931(d) by providing a list of record documents, it behooves the appellant to investigate the matter. The failure of counsel or of an unrepresented appellant to make inquiry does not constitute an "extraordinary breakdown in the processes of the court." Whether a default with regard to the contents of the certified record warrants a finding of waiver is a question that must be evaluated under the particular facts and circumstances of a specific appeal.

*Bongiorno*, 905 A.2d at 1000-1001 (emphasis added). In *Williams*, our Supreme Court remanded for an evidentiary hearing to evaluate whether an "extraordinary breakdown in the judicial process" occurred which prevented the transmittal of a transcript from the appellant's suppression hearing to this Court. *Williams*, 552 Pa. at 463, 715 A.2d at 1107.

In this case, the Commonwealth argues in its appellate brief that Appellant's sentencing claim should be found waived as Appellant failed to ensure the complete record was transmitted to this Court. The trial court did not address this issue in its Rule 1925(a) opinion. Appellant's counsel did

request the transcripts from Appellant's sentencing hearing and given this effort, we cannot definitively conclude whether the transmittal of the incomplete record was caused by Appellant's counsel or an "extraordinary breakdown in the judicial process."

Accordingly, pursuant to **Williams**, I would remand this case to the trial court to determine whether an "extraordinary breakdown in the judicial process" caused the sentencing transcript to be excluded from the record. For this reason, I dissent.