J-S71022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON E. LOWERY | : | |
| | : | |
| Appellant | : | No. 3363 EDA 2018 |

Appeal from the Order Entered November 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015192-2008

BEFORE: BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.: **FILED FEBRUARY 27, 2020**

As reflected in the above caption, Jason E. Lowery (Appellant) purports to appeal from the order "entered November 15, 2018," denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We quash this appeal.

Following a four-day trial, a jury found Appellant guilty of aggravated indecent assault, corruption of a minor, and unlawful contact with a minor.[1] The trial court sentenced Appellant to an aggregate three to six years of incarceration, plus five years of probation. Appellant did not file a post-sentence motion. Appellant appealed without success to both this Court and the Pennsylvania Supreme Court. *See Commonwealth v. Lowery*, 64 A.3d

---

[1] 18 Pa.C.S.A. §§ 3125(a)(8), 6301(a)(1), and 6318(a)(1).

20 (Pa. Super. Dec. 14, 2012) (unpublished), **appeal denied**, 70 A.3d 810 (Pa. July 26, 2013) (Table).

On September 9, 2014, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended PCRA petition on July 13, 2016. On January 17, 2018, the Commonwealth filed a motion to dismiss Appellant's PCRA petition as meritless. The docket indicates that on June 21, 2018, the PCRA court denied Appellant's petition.[2] Conversely, in his notice of appeal and appellate brief, Appellant avers that the PCRA court denied his petition on November 15, 2018.[3] However — and critically —no order dated November 15, 2018 appears in the docket or the certified record submitted to this Court.

Regardless, the record reveals that, due to an apparent breakdown in court procedure, no order has been properly entered on the docket; thus, Appellant's PCRA petition remains pending in the PCRA court. With one exception not applicable here, "no order of a court shall be appealable until it

---

[2] Although the docket reflects that the PCRA court denied Appellant's petition on June 21, 2018, no such order appears in the certified record submitted in this Court. Likewise, Appellant did not attach the order from which he purports to appeal to his notice of appeal or appellate brief. **See** Pa.R.A.P. 2115 ("The text of the order or other determination from which an appeal has been taken or which is otherwise sought to be reviewed **shall** be set forth verbatim immediately following the statement of jurisdiction.") (emphasis added); **see also Commonwealth v. Bongiorno**, 905 A.2d 998, 1000 (Pa. Super. 2006) (*en banc*) ("[o]ur law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.").

[3] The Commonwealth also represents to this Court that the PCRA court dismissed Appellant's petition on November 15, 2018.

has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). An order is properly entered upon the docket by indicating "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). The 30-day time period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the order is served on the parties by the clerk of courts. **See** Pa.R.Crim.P. 108(a)(1), (d).

As the June 21, 2018 docket entry contains no notation of the date upon which service was made in accordance with the mandates of Pa.R.Crim.P. 114(C)(2), no order was properly entered on that date. Thus, any appeal taken from the PCRA court's order denying Appellant's petition would be premature. **See** Pa.R.A.P. 301(a)(1).

Accordingly, we quash this appeal as interlocutory. After the clerk of courts serves the order dismissing Appellant's petition in accordance with Pa.R.Crim.P. 907(4)[4] and notes such service on the docket as required by Rule

---

[4] The Rule provides:

> When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4).

114(C), Appellant will have 30 days from the date of service to timely file an appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/20