J-S49012-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                             :            PENNSYLVANIA
                                             :

               v.                         :
                                             :
                                             :

FREEMAN BANKSTON, IV           :
                                             :
             Appellant          :        No. 452 WDA 2020

Appeal from the PCRA Order Entered February 20, 2020
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000067-1995

BEFORE:    OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                FILED DECEMBER 29, 2020

Appellant, Freeman Bankston, IV, appeals from the order entered on February 20, 2020, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Upon review, we affirm.

The PCRA court summarized the facts of this case as follows:

> [O]n January 5, 1995[,] an individual discharged a firearm toward Damien Dukes as he was seated in his mother's vehicle at Neshannock Village housing projects located in New Castle, Lawrence County, Pennsylvania. At trial, Mr. Dukes identified [Appellant, who he knew personally,] as the person responsible for discharging the firearm[. Mr. Dukes testified], "I seen a bullet hole in the front of my face right here (indicating), and I panicked a little bit and I just looked around and I seen [Appellant] on the side of the house where the light was and all of a sudden all these guns start, shots started coming at me..." Mr. Dukes was also able to identify the location from which [Appellant] was firing the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

shots toward him. Mr. Dukes further stated he believed [Appellant] was shooting at him due to an ongoing dispute between [Appellant] and Mr. Dukes' brother.

PCRA Court Opinion, 2/20/2020, at 1-2.

Following a trial on November 29, 1995, a jury convicted Appellant of aggravated assault, recklessly endangering another person, and a local ordinance prohibiting the discharge of a firearm in a city.[2] On May 7, 1996, the trial court sentenced Appellant to six to 20 years of imprisonment.

On October 9, 2018, Appellant filed a pro se PCRA petition.[3] Therein, Appellant alleged that while incarcerated at the State Correctional Institution

_____

[2] 18 Pa.C.S.A. § 2702(a)(4), 18 Pa.C.S.A. § 2705, and LO § 725.05, respectively.

[3] Initially, we make the following observations regarding the PCRA. A petition for relief under the PCRA must be filed within one year of the date the PCRA petitioner's judgment of sentence becomes final unless the petitioner alleges and proves that an exception to the one-year time-bar is met. 42 Pa.C.S.A. § 9545. Section 9545(b)(1)(ii) provides an exception for "newly discovered facts" wherein the petitioner pleads and proves that "the facts upon which [the PCRA] claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). Once the PCRA court determines that it has jurisdiction over the PCRA petition at issue, it must examine the eligibility requirements under the Section 9543 of the PCRA. In order to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of evidence that, among other things, he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). Upon the face of the record before us, it appears that Appellant completed his sentence. However, Appellant maintains, and neither the PCRA court nor the Commonwealth dispute, he was still incarcerated "as a result of violations and re-arrest" and that this matter "was ripe for review and the PCRA [petition] timely filed." Appellant's Brief at 1. Moreover, pursuant to Section 9543(2)(vi), a PCRA petitioner may be eligible for relief if exculpatory evidence that was unavailable at trial subsequently becomes available and would have

in Mercer (SCI Mercer), he engaged in two recorded telephone conversations with Mr. Dukes, wherein Mr. Dukes recanted his trial testimony. The PCRA court appointed counsel who filed an amended PCRA petition on January 23, 2019. After several continuances, the PCRA court held an evidentiary hearing on July 8, 2019. At the hearing, Appellant presented two recorded conversations purportedly between himself, Mr. Dukes, and Sheila Bankston, identified as Appellant's wife and Mr. Dukes' cousin. The PCRA court summarized those conversations as follows:

> [In the first recorded conversation, Appellant] called to speak with Mrs. Bankston and Mr. Dukes was present. Mrs. Bankston permitted Mr. Dukes to speak with [Appellant]. That telephone conversation was recorded as [Appellant] was incarcerated at SCI Mercer. In the recorded conversation, Mr. Dukes stated he knew [Appellant] did not shoot at him. Mr. Dukes explained "they wanted you so bad that day", which is [a] reference to the police officer's desire to arrest [Appellant]. [Mr. Dukes] explained he d[id] not have any memory of testifying and d[id] not know why he identified [Appellant] as the shooter. The initial conversation was interrupted and [Appellant] placed another call to speak with Mr. Dukes and Mrs. Bankston. During the second recorded telephone conversation, Mr. Dukes proceeded to explain he initially identified a man by the name of "Marcus" as the shooter, but the police officers wanted him to identify [Appellant]. He

_____

changed the outcome of the trial if it had been introduced. See 42 Pa.C.S.A. § 9543(2)(vi). In his counseled, amended PCRA petition, Appellant alleged an exception and entitlement "to relief under 42 [Pa.C.S.A.] § 9543(2)(vi) (The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of trial if it had been introduced)." Amended PCRA Petition, 1/23/2019, at 2 ¶8. Here, the PCRA court improperly condensed its analysis regarding jurisdiction and eligibility into a single inquiry. However, we read the PCRA court's opinion as finding an exception to the PCRA's one-year timing requirement and address the merits of Appellant's newly-discovered evidence claim.

> continued to assert he did not remember testifying at [Appellant's] trial and he has issues with his memory.

Id. at 3-4. Sheila Bankston also testified at the July 8, 2019 PCRA hearing. She identified Mr. Dukes by his voice in the recordings and stated that Mr. Dukes was remorseful because he lied at Appellant's trial. Appellant also sought to call Mr. Dukes as a witness, but Mr. Dukes was not present.

The PCRA court scheduled an additional hearing for September 4, 2019. Again, Mr. Dukes failed to appear at that hearing. The PCRA court scheduled another hearing for October 9, 2019. After two more continuances, on February 3, 2020, the PCRA court held an evidentiary hearing with Mr. Dukes in attendance. Mr. Dukes, however, refused to testify by asserting his right against self-incrimination under the Fifth Amendment to the United States Constitution. On February 20, 2020, the PCRA court entered an order denying Appellant relief. This timely appeal followed.[4]

On appeal, Appellant claims that he is entitled to a new trial based upon the recantation evidence he presented.[5] First, Appellant claims the PCRA court erred by applying case law pertaining to the recantation of an accomplice, because this matter deals specifically with the recantation of a victim/witness.

_____

[4] Appellant filed a timely notice of appeal and a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) as directed by the PCRA court. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 20, 2020.

[5] In his statement of questions involved on appeal, Appellant presents a single issue with five subparts. See Appellant's Brief at v-vi. However, for brevity, clarity, and ease of discussion, we will address Appellant's claims in two distinct parts.

- 4 -

See Appellant's Brief at 3 ("the analysis required deeper scrutiny as to motivation for recantation as the impact on a victim/witness would be entirely different than that of an accomplice.").

Our standard of review is, as follows:

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a de novo standard of review to the PCRA court's legal conclusions.

Commonwealth v. Medina, 92 A.3d 1210, 1214–1215 (Pa. Super. 2014) (internal citations, quotations, and brackets omitted).

Relevant herein, in order to be eligible for relief under the PCRA, a petitioner "must plead and prove by a preponderance of the evidence" that his "conviction or sentence resulted" from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced[.]" 42 Pa.C.S.A. § 9543(2)(vi). Our Supreme Court has previously determined:

> When seeking a new trial based on alleged after-discovered evidence in the form of recantation testimony, the petitioner must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

Commonwealth v. Johnson, 966 A.2d 523, 541 (Pa. 2009) (internal citation omitted).

Moreover,

[our Supreme] Court has repeatedly acknowledged the limitations inherent in recantation testimony, which has been characterized as extremely unreliable. In fact, [the Supreme Court has] remarked that there is no less reliable form of proof, especially where it involves an admission of perjury. For that reason, [our Supreme Court has] emphasized that, when addressing an after-discovered evidence claim premised on recantation testimony, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole. Unless the PCRA court is satisfied that the recantation is true, it should deny a new trial.

Commonwealth v. Small, 189 A.3d 961, 977 (Pa. 2018).

Additionally,

an appellate court may not interfere with the [PCRA court's decision regarding] a new trial where the sole ground is the alleged recantation of state witnesses unless there has been a clear abuse of discretion. Additionally, the deference normally due to the findings of the PCRA court is accentuated where what is involved is recantation testimony. It [is] within the exclusive province of the PCRA court to determine the credibility [of] recantation.

*     *     *

Furthermore, the PCRA court as factfinder is in a superior position to make the initial assessment of the importance of recantation testimony to the outcome of the case.

Medina, 92 A.3d at 1219 (internal citations, quotations, and original brackets omitted).

Here, the PCRA court determined:

[T]here is no evidence Mr. Dukes' testimony at trial was fabricated other than the statements he made in the recorded telephone

- 6 -

conversation[s] with [Appellant]. When called to testify before the [PCRA c]ourt at a hearing concerning [Appellant's] PCRA [p]etition, Mr. Dukes asserted his Fifth Amendment right against self[-]incrimination. Resultantly, the [PCRA c]ourt was not presented with any sworn testimony by Mr. Dukes to confirm he [recanted his trial] testimony. In addition, the [PCRA c]ourt was not provided with an opportunity to observe his demeanor and the Commonwealth was not permitted to cross-examine Mr. Dukes in regard[] to his alleged recantation. The [PCRA court found] the unsubstantiated recantation during [] recorded telephone conversation[s] between Mr. Dukes and [Appellant was] not sufficiently reliable to permit granting a new trial approximately 23 years after [Appellant's] original trial. Moreover, [Appellant] has not presented any evidence or testimony to corroborate the statements made by Mr. Dukes during their telephone conversation[s]. In fact, [during the telephone conversations] Mr. Dukes indicated he d[id] not remember testifying at trial and he has memory issues concerning the period of time surrounding the shooting and trial. Therefore, the [PCRA c]ourt [found] no basis to grant [Appellant] a new trial in relation to the recorded telephone conversation[s] between Mr. Dukes and [Appellant].

PCRA Court Opinion, 2/20/2020, at 6-7.

Upon review of the record and applicable law, we discern no abuse of discretion or error of law by the PCRA court. In Small, our Supreme Court determined that the PCRA court must assess recantation credibility and its significance in light of the evidence as a whole. The Small Court, however, did not differentiate between accomplice and victim witness recantation testimony and, instead, recognized that all recantation testimony is viewed as inherently unreliable. Moreover, in this case, the PCRA court heard the recorded prison conversations and did not find Mr. Dukes' alleged recantation credible in light of his memory deficiencies. Because Mr. Dukes refused to testify, there was no additional evidence for the PCRA court to consider. Examining the evidence before it, the PCRA court did not find Mr. Dukes'

recorded statements credible. Based upon our accentuated deference to the PCRA court's findings regarding recantation testimony, we discern no error of law or abuse of discretion in denying Appellant relief on his recantation claim.

Next, in the alternative, Appellant asserts that once Mr. Dukes invoked his Fifth Amendment right and refused to testify at the PCRA evidentiary hearing, "he became an unavailable witness." Appellant's Brief at 6. In turn, Appellant argues that the PCRA court should have accepted the prison recordings for the truth of the matter asserted under various exceptions to the rule against hearsay and made a credibility determination regarding the proffered recorded recantations. Id. at 6-10. More specifically, Appellant claims that the recorded statements Mr. Dukes made qualified as exceptions to hearsay as statements against interest, excited utterances, and/or prior inconsistent statements of a declarant-witness. Id.

We conclude that Appellant waived this aspect of his recantation claim based upon the following circumstances. At the PCRA hearing held on July 8, 2019, the PCRA court allowed Sheila Bankston to testify regarding the prison recordings "not for the substance of what [was] said, but just for the communication." N.T., 7/8/2019, at 8. Because Sheila Bankston "confirm[ed] that she was present when these conversations occurred," the PCRA court allowed Appellant to play the recordings at the evidentiary hearing, but the PCRA court specifically reserved ruling on the admissibility of the recordings and the merits of the case pending Mr. Dukes' testimony. Id. at 14. At that time, however, Appellant did not argue that the recordings qualified as

exceptions to hearsay or request that the PCRA court accept Mr. Dukes' statements for the truth of the matter asserted. Id. At a subsequent hearing, as set forth above, Mr. Dukes' refused to testify under oath regarding the alleged recantation. From our review of the record, there is no indication that Appellant ordered the transcription of the notes of testimony from the second PCRA evidentiary hearing held on February 3, 2020.[6] As such, we are unable to confirm whether Appellant argued that the recorded prison conversations qualified as exceptions to hearsay at that time. From our review, Appellant raised the issue for the first time in his Rule 1925(b) concise statement. See Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); see also Commonwealth v. Talley, 236 A.3d 42, 50 (Pa. Super. 2020) ("An issue raised for the first time in a concise statement is waived because an issue raised for the first time after the filing of a notice of appeal deprives the trial court of the opportunity to consider the claim."). Moreover, in contravention of our Rules of Appellate Procedure, Appellant has failed to indicate or point to the place in the record where he raised and preserved, for purposes of appeal, his claim that the recordings were admissible as exceptions to the rule against hearsay. See Pa.R.A.P. 2117(c); Pa.R.A.P. 2119(e). Finally, aside from baldly citing the

_____

[6] "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." Commonwealth v. Bongiorno, 905 A.2d 998, 1000 (Pa. Super. 2006).

provisions of the three exceptions to hearsay upon which he relies, Appellant has not cited, or discussed, any relevant legal authority to support his argument. See Pa.R.A.P. 2119 ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); see also In re Estate of Whitley, 50 A.3d 203, 209 (Pa. Super. 2012) (failure to cite relevant legal authority constitutes waiver of appellate review). For all of these reasons, Appellant has waived the portion of his collateral claim regarding exceptions to hearsay.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2020