J-S28011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN VLASSICH | : | |
| | : | |
| Appellant | : | No. 209 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 20, 2022
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000139-2021

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED: November 2, 2023**

Brian Vlassich appeals from the judgment of sentence entered following his nonjury conviction for driving under the influence. On appeal, Vlassich challenges the weight of the evidence supporting his conviction. After careful review, we affirm.

Vlassich was arrested on December 1, 2020, following a traffic stop initiated when arresting Officer Howard witnessed Vlassich's vehicle driving without headlights in the dark and colliding with a road barrier. **See** N.T. 8/29/22, at 4-6. Officer Howard testified that, after observing signs of intoxication, he asked Vlassich if he had consumed alcohol. Vlassich responded in the affirmative. **See id.** at 7. Officer Howard testified that he saw a container sticking out of Vlassich's pocket and, when asked, Vlassich told the

_____

[*] Former Justice specially assigned to the Superior Court.

officer that it was rum. *See id.* at 8. The bottle was half full at the time of the traffic stop. *See id.*

Vlassich performed field sobriety tests which indicated impairment, however he refused to submit to a blood test. *See id.* at 9-11. He also testified that he did slide on the snow while driving that night but it did not result in a collision. *See id.* at 29. Vlassich explained that he bought the vehicle a month prior to this incident and any damage happened prior to his ownership. *See id.* at 29-31. Vlassich denied that he had admitted drinking that evening to Officer Howard, and further denied having a bottle of alcohol in his pocket. *See id.* at 33. Finally, Vlassich testified that he had an ear infection which affected his balance and his ability to perform the field sobriety tests. *See id.* at 35-36.

The trial court found Vlassich guilty of driving under the influence of alcohol such that he was rendered incapable of safely operating a vehicle pursuant to 75 Pa.C.S.A. § 3802(a)(1). The court sentenced Vlassich to seventy-two hours to six months' incarceration and six months of probation. Vlassich immediately filed a *pro se* notice of appeal and his trial counsel filed a request to withdraw. The request to withdraw was granted and the trial court appointed counsel for appeal.

On appeal, Vlassich raises one issue, that the verdict was against the weight of the evidence. *See* Appellant's Brief at 10. Vlassich raised this question in his Pa.R.A.P. 1925(b) Statement and the trial court found the claim waived, as it was not preserved in the form of a post-sentence motion or oral

or written motion prior to sentencing. *See* Trial Court Opinion, 4/10/23, at 2. Vlassich concedes that no weight of the evidence claim was explicitly brought by asking us to consider trial counsel's closing argument as, in essence, a weight of the evidence claim. *See* Appellant's Brief at 11-14.

A claim that the verdict is against the weight of the evidence must be raised either orally or by written motion prior to sentencing or in a post-sentence motion. *See* Pa.R.Crim.P. 607(A). Vlassich did not file any post-sentence motions or raise a weight claim before sentencing.[1] Further, Vlassich's pre-verdict arguments were insufficient to comply with the dictates of Rule 607(A), as Vlassich could not challenge his verdict before it was rendered. As the record reflects that Vlassich did not preserve his weight challenge before the trial court, we are constrained to find it waived.

Judgment of sentence affirmed.

---

[1] We note that the transcript from the sentencing hearing is not in the certified record. It is Vlassich's responsibility to ensure the certified record contains all materials necessary to review his claims. *See Commonwealth v. Bongiorno*, 905 A.2d 998, 1000 (Pa. Super. 2006) (*en banc*). In any event, as set forth above, Vlassich concedes that he did not raise an oral challenge to the weight of the evidence supporting the verdict at sentencing.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/2/2023