J-S03041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALESSANDRO CALDERONE | : | |
| MIGLIUOLO | : | |
| | : | No. 425 WDA 2024 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered February 26, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004097-2022

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                                **FILED: May 12, 2025**

Alessandro Calderone Migliuolo ("Migliuolo") appeals from the judgment of sentence entered by the Allegheny County Court of Common Pleas ("trial court") following his conviction of driving under influence of alcohol or a controlled substance ("DUI") – general impairment and driving the wrong way on a one-way roadway.[1]  Migliuolo challenges the sufficiency of the evidence to sustain his DUI conviction.  Because we find that his sufficiency claim lacks merit, we affirm.

The trial court aptly summarized the underlying facts as follows:

> At approximately 2:35 AM on September 25, 2021, Officer Marra of the City of Pittsburgh Police Department initiated a traffic stop on a vehicle that had made an illegal left-hand turn to enter the West End Circle going the wrong way.  The vehicle had to drive

---

[1]  75 Pa.C.S. §§ 3802(a)(1), 3308(b).

around a concrete divider to make this turn. [After observing the illegal turn, Officer Marra] activated [the] lights and sirens [of his police vehicle] immediately. The driver of the vehicle[, later identified as Migliuolo,] ignored these audible and visual commands to stop and instead cut across State Route 51 and drove the wrong way down South Main Street. At certain points, the vehicle was driving head on into traffic. The vehicle made a U-turn on South Main Street, and after a minute or so pulled over on the ramp leading from South Main Street to Carson Street.

Officer Marra approached the vehicle and asked [Migliuolo] for his driver's license, insurance, and registration. Shortly after the stop, Officer [Sokolowski] of the Pittsburgh Police arrived on the scene. Officer Sokolowski spoke with [Migliuolo], who had indicated he had been at a bar in the nearby community of McKees Rocks[. In describing his observations of Migliuolo, Officer Sokolowski testified that "his] overall demeanor was very sluggish. Seemed very disconnected from my conversations with him. His eyes were glassy. He had a very … typical thousand-yard stare throughout a conversation with him." N.T., 3/30/2023, at 23-24. [Officer Sokolowski recalled that] "[a]t one point, he was staring into my flashlight and complaining it was hurting his eyes. When I told him to look away, he just continued to stare at my flashlight, not acknowledging I was talking to him." *Id*. [Officer Sokolowski described] Migliuolo's response time to questions … was "[o]bviously slow. It seemed as if he had to concentrate on simple answers. Just very sluggish and disconnected." *Id.*

[Migliuolo] admitted to drinking some time before the traffic stop. The officer also detected a faint odor of alcohol and asked [Migliuolo] to perform field sobriety tests. Officer Sokolowski explained and demonstrated [the] walk and turn test, as well as the one leg stand test. Migliuoio indicated that he had a back injury when asked. The instructions for the walk and turn test had to be repeated several times. The officer detected multiple clues of impairment for both tests, and based on those, as well as his observations of the driver, he formed the opinion that Migliuolo was under the influence [of alcohol] to a degree that rendered him incapable of safely operating a motor vehicle.

Migliuolo was taken into custody and transported to the Pittsburgh Police Special Deployment Division for testing of his breath.

- 2 -

Trial Court Opinion, 7/24/2024, at 1-2 (some formatting and citations altered).

While at the Special Deployment Division ("SDD"), Officer Larry Crawford administered a field sobriety test to Migliuolo during which Officer Crawford observed signs of impairment. Officer Crawford also attempted to administer at least two breathalyzer tests. The result of the first test was "incomplete" and the result of the second test indicated that Migliuolo had refused the test. Officer Crawford and Migliuolo, however, both testified that Migliuolo did not refuse one of the breathalyzer tests.

The trial court conducted a bench trial over the course of March 30, 31, and April 10, 2023, during which the Commonwealth presented the testimony of Officers Marra, Sokolowski, and Crawford. Migliuolo testified on his own behalf.

On June 12, 2023, the trial court found Migliuolo guilty of DUI – general impairment and driving in the wrong direction on a one-way roadway. The trial court determined that the Commonwealth did not sufficiently establish that Migliuolo refused to undergo blood alcohol testing and therefore did not impose an enhanced penalty. On February 26, 2024, the trial court sentenced Migliuolo to six months of probation, a $300 fine, and various other conditions on the DUI – general impairment count, and a $25 fine on the summary offense.

Migliuolo timely filed a notice of appeal. The trial court and Migliuolo both complied with Pennsylvania Rule of Appellate Procedure 1925. Migliuolo's sole issue on appeal asks this Court to decide whether the Commonwealth presented sufficient evidence to convict him of DUI – general impairment. Migliuolo's Brief at 5.

Specifically, Migliuolo argues that the evidence was insufficient to sustain his DUI – general impairment conviction because Officer Sokolowski's body camera footage revealed that he adequately performed the field sobriety test. *Id.* at 28. He further challenges the sufficiency of the evidence because Officer Sokolowski failed to note that he exhibited slurred speech in the affidavit of probable cause, even though he testified at trial that Migliuolo was slurring his speech. *Id.* at 29. Additionally, Migliuolo argues that the evidence was insufficient to sustain his DUI conviction because there was conflicting testimony as to whether Officer Crawford had him perform a field sobriety test at SDD, as Officer Sokolowski indicated that he did not perform a field sobriety test at SDD, but Officer Crawford testified that he did. *Id.* Migliuolo contends that the lack of any video evidence while he was at SDD to corroborate the testimony of Officers Sokolowski and Crawford undermines their credibility. *Id.* at 25.

We review a challenge to the sufficiency of the evidence pursuant to the following standard:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is de novo and our scope

of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the [factfinder] to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the [factfinder].

*Commonwealth v. Scott*, 325 A.3d 844, 849 (Pa. Super. 2024) (citation omitted).

Under section 3802 of the Pennsylvania Vehicle Code, "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1). To prove the offense of DUI – general impairment, "[t]he Commonwealth must establish that the defendant (1) was operating a motor vehicle (2) after imbibing a sufficient amount of alcohol such that he was rendered incapable of safely operating the motor vehicle." *Commonwealth v. Clemens*, 242 A.3d 659, 665 (Pa. Super. 2020).

To establish that an individual is incapable of driving safely, the Commonwealth must prove

that alcohol has substantially impaired the normal mental and physical faculties required to operate the vehicle safely; substantial impairment means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. The meaning of substantial impairment is not limited to some extreme condition of disability. Section 3802(a)(1) … is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving.

*Id.* (citation omitted). The evidence that the Commonwealth may present to establish a section 3802(a)(1) violation includes "the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech." *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

In this case, Migliuolo concedes that on the night in question, he was operating a motor vehicle, that he had consumed alcohol prior to operating the motor vehicle, and that he drove the wrong way down a one-way street. *See* Migliuolo's Brief at 34. Thus, the only issue in dispute is whether the amount of alcohol Migliuolo consumed rendered him incapable of safely operating the motor vehicle. *See* 75 Pa.C.S. § 3802(a)(1); *see also Clemens*, 242 A.3d at 665.

The record reflects that at trial, Officer Sokolowski testified that when he arrived at the scene, Migliuolo indicated that he had been drinking, that his

"overall demeanor was very sluggish[,]" the responses to his questions were slow, and that he appeared "disconnected" from their conversation. N.T., 3/30/2023, at 23-24. Officer Sokolowski indicated that Migliuolo's eyes were glassy and that he was exhibiting a "thousand-yard stare." *Id.* at 24. He reported that Migliuolo complained that the officer's flashlight was hurting his eyes, but when Officer Sokolowski told him to look away, Migliuolo continued to stare at it. *Id.* Additionally, Officer Sokolowski testified that he smelled the faint odor of alcohol on Migliuolo during their interaction. *Id.* Officer Sokolowski explained that he then conducted a field sobriety test during which he had to repeat the instructions of the test to Migliuolo several times and that Migliuolo exhibited numerous indicators of intoxication throughout the test. *Id.* at 27-51. This testimony, on its own, is more than sufficient to establish the offense of DUI – general impairment.

Migliuolo contends that Officer Sokolowski's body camera footage reveals that he adequately performed the field sobriety test and thus directly contradicts Officer Sokolowski's testimony at trial, which renders the officer's testimony insufficient to sustain his DUI – general impairment conviction. Migliuolo's Brief at 28. Our review of the record, however, reveals that Officer Sokolowski's body camera footage, which the Commonwealth introduced at trial as Exhibit 1B, was not included in the certified record on appeal. *See* N.T., 3/30/2023, at 25.

The certified record consists of the "original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court[.]" Pa.R.A.P. 1921. The law is well settled that we may not consider on appeal evidence, information, or other matters that are not included in the certified record. ***Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006). Further, "[o]ur law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains [all] the materials necessary for the reviewing court to perform its duty." ***Commonwealth v. Holston***, 211 A.3d 1264, 1275 (Pa. Super. 2019) (en banc); ***see also Commonwealth v. Bongiorno***, 905 A.2d 998, 1001 (Pa. Super. 2006) (en banc) (explaining that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts).[2] As Migliuolo failed to ensure Officer Sokolowski's body camera footage was part of the certified record on appeal, arguably, we could find his sufficiency claim waived, as the lack of the footage impedes our ability to review his claim. ***See Bongiorno***, 905 A.2d at 1001 ("Whether a default with regard to the contents of the certified record

---

[2]  Nevertheless, this Court did make an attempt, without success, to obtain the bodycam footage through the trial court's prothonotary.

warrants a finding of waiver is a question that must be evaluated under the particular facts and circumstances of a specific appeal.").

Nevertheless, even assuming the footage would have contradicted Officer Sokolowski's testimony as to Migliuolo's performance on the initial field sobriety tests, the record contains independent evidence that permits us to address the merits of Migliuolo's challenge to the sufficiency of the evidence to sustain his DUI – general impairment conviction. In addition to the indicia of intoxication observed and plainly testified to by Officer Sokolowski outside of the initial field sobriety tests, Officer Crawford testified that he conducted a field sobriety test on Migliuolo at SDD and that he observed several indicators of intoxication throughout the course of the test. N.T., 4/10/2023, at 10-11. Officer Crawford also testified that Migliuolo exhibited slurred and mumbled speech, that he had a faint odor of alcohol on his person, and that he had difficulty understanding the officer's instructions. N.T., 3/31/2023, at 32-33. Based on the foregoing, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, including Migliuolo's concession that he had consumed alcohol and drove the wrong way down a one-way street, we conclude that the officers' testimony established that the amount of alcohol Migliuolo consumed rendered him incapable of safely operating a motor vehicle *See* 75 Pa.C.S. § 3802(a)(1); *see also Scott*, 325 A.3d at 849. Thus, the evidence was sufficient to sustain Migliuolo's DUI – general impairment conviction.

The remainder of Migliuolo's arguments, which challenge the discrepancies between Officer Sokolowski's trial testimony and the affidavit of probable cause, the lack of camera footage from SDD, and the conflicts between Officer Sokolowski's and Officer Crawford's testimony, each specifically attack the credibility of the officers. *See* Migliuolo's Brief at 25, 29. This Court has explained, however, that a review of the sufficiency of the evidence does not include an assessment of witness credibility. ***Commonwealth v. Juray***, 275 A.3d 1037, 1043 (Pa. Super. 2022). "Instead, such arguments are more properly characterized as challenges to weight of evidence." ***Id.*** (citations omitted); ***see also Commonwealth v. Rivera***, 238 A.3d 482, 495 (Pa. Super. 2020) (explaining that claims involving the credibility of witnesses and conflicting testimony implicate the weight of the evidence); ***Commonwealth v. Johnson***, 180 A.3d 474, 478 (Pa. Super. 2018) ("Variances in testimony … go to the credibility of the witnesses and not the sufficiency of the evidence.").

Sufficiency and weight of the evidence claims are two distinct challenges. ***Rivera***, 238 A.3d at 495. It is well settled that an "appellant's challenge to the sufficiency of the evidence must fail, where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that the appellant provides goes to the weight of the evidence." ***Juray***, 275 A.3d at 1043 (quotation marks and citations omitted).

For these reasons, the remaining arguments Migliuolo raises in support of his sufficiency of the evidence claim fail. As we find no merit to Migliuolo's challenge of the sufficiency of the evidence to sustain his DUI – general impairment conviction, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/12/2025